**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lisa RETTELLE, Defendant–Appellant.**

**No. 97–1928.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 13, 1998.

Decided Jan. 22, 1999.

---

Robert J. Dunn (argued and briefed), Bay City, MI, for Appellant.

Janet L. Parker (argued and briefed), Office of the U.S. Attorney, Bay City, MI, for Appellee.

Before: BATCHELDER and MOORE, Circuit Judges; OLIVER,* District Judge.

## OPINION

MOORE, Circuit Judge.

Lisa Rettelle appeals the sentence imposed after she pleaded guilty to manufacturing marijuana. Because the district court erred by relying on drug activity that was not part of the offense of conviction to conclude that Rettelle was subject to a statutory minimum sentence, we **VACATE** the sentence and **RE-MAND** this case for resentencing.

## I. BACKGROUND

On May 11, 1993, Michigan authorities found ninety-one marijuana plants growing in plastic cups among trees near the home of Henry Davis's parents. The cups were in shallow cardboard boxes, which were in good condition, suggesting that the boxes had not been outdoors very long. During a search of the home, to which Davis's parents consented, officers found two more plants, some marijuana seeds, and more planting materials such as potting soil and plastic cups. Latent fingerprints found on many of the cups belonged to Davis. A federal grand jury charged Davis with manufacturing marijuana. If convicted, Davis would have faced sentencing as a career offender. *See* U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 4B1.1 (1998).

Lisa Rettelle, the defendant in this case, is now married to Davis. Rettelle testified at Davis's trial that she had grown the plants herself and had placed them on the Davis property because she was angry at Davis and wanted to get him in trouble. She said that she had intended to call the police to tell them where to find the plants, but that she changed her mind. Davis was acquitted. Rettelle was charged with manufacturing marijuana and with perjury. She pleaded

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

guilty to manufacturing marijuana in exchange for the government's agreement to drop the perjury count.

In sentencing Rettelle, the district court made two rulings that Rettelle challenges in this appeal. First, the court held that the preponderance of the evidence showed that Rettelle had committed perjury at Davis's trial, warranting an enhancement for obstruction of justice despite the government's agreement to drop the perjury charge. *See* U.S.S.G. § 3C1.1. Second, it held that because Rettelle's conduct relevant to the count of conviction included more than one hundred marijuana plants, Rettelle was subject to a mandatory five-year sentence under 21 U.S.C. § 841(b)(1)(B)(vii). To arrive at a total number of plants greater than one hundred, the court considered other plants Rettelle had mentioned in her testimony at Davis's trial, in addition to the ninety-three plants seized from the Davis property in May 1993. Rettelle testified that she had cultivated marijuana for her own 'use for several years. She said that she had not put all of her plants on the Davis property but did not specify how many she had kept. In the previous year, 1992, she had started with about sixty or seventy plants and managed to raise about a dozen to maturity.

Because the district court imposed a five-year sentence pursuant to the statute, its earlier holding on the perjury enhancement had no effect on Rettelle's sentence.

On appeal, Rettelle argues that only the plants seized from the Davis property should be counted towards § 841(b)'s one-hundred plant threshold and that, accordingly, she does not meet the criteria for a five-year minimum sentence. In addition, she argues that her sentence should not be enhanced on the basis of her perjury in the Davis trial.

## II. ANALYSIS

### A. MANDATORY MINIMUM

■ Whether 21 U.S.C. § 841(b) applies to Rettelle, on the basis of the undisputed facts, is a question of statutory interpretation, which we review de novo.

■ In *United States v. Winston,* 37 F.3d 235 (6th Cir.1994), the defendant was convicted of engaging in a conspiracy to possess twenty-three grams of cocaine in a grocery store parking lot and with separately possessing thirty-seven grams of cocaine in his home. *See Winston,* 37 F.3d at 241. We held that, because there was no evidence linking the thirty-seven grams in Winston's home to the grocery-store conspiracy, each count had to be considered separately when determining whether § 841(b)'s mandatory minimum sentence applied. This result was required because the mandatory minimum applies only to a defendant who commits *a* violation involving more than the threshold amount of drugs. We noted that in this respect § 841(b) is "quite unlike the sentencing guidelines," which require courts to aggregate all drug amounts for which the defendant is responsible, over all counts of conviction and all "relevant conduct." *See Winston,* 37 F.3d at 241; *see also* U.S.S.G. § 2D1.1, commentary n. 12 (noting that drugs "not specified in the count of conviction may be considered in determining the offense level" and citing U.S.S.G. § 1B1.3(a)(2) (Relevant Conduct)). In short, the Guidelines require the court to determine the sentence through a broad-ranging inquiry into the defendant's conduct, but the statutory minimum is imposed only when a single violation of § 841, for which the defendant is convicted, involves more than the threshold quantity of drugs.

■ In determining Rettelle's sentence, the district court used the Sentencing Guidelines approach to reach a total of more than one hundred plants. To conclude that Rettelle "was responsible for more than 100 plants during the course of conduct related to this plea of guilty," J.A. at 70, the court counted the ninety-three plants that were seized in 1993, the unspecified number of plants that Rettelle retained in 1993, and the approximately twelve plants that she grew to maturity in 1992. The court concluded that § 841(b) required it to impose a five-year sentence because "Congress has said that a person who cultivates more than 100 marijuana plants must receive a mandatory sentence." J.A. at 71–72. This statement was incorrect: as explained in *Winston,* Congress

has said only that a person who cultivates more than one hundred plants in the course of committing "a violation" of § 841(b) must receive the mandatory minimum. It was error for the district court to determine the total amount by looking at the entire course of conduct related to Rettelle's guilty plea rather than to the count of conviction standing alone.

The government suggested at oral argument that the indictment against Rettelle included all of the activity that the district court considered in reaching the one-hundred plant threshold. Count 2 of Rettelle's indictment charged:

> From a time unknown to the grand jury to on or about May 11, 1993, in the Eastern District of Michigan, Northern Division, LISA RETTELLE, defendant herein, did knowingly manufacture marihuana, a schedule I controlled substance, in violation of Title 21, United States Code, section 841(a)(1).

The government suggests that because the indictment does not specify a starting date, it covers all of Rettelle's illegal activity before May 11, 1993. We reject this argument for two reasons. First, Rettelle's two separate crops of marijuana in 1992 and 1993 cannot be "a violation" under Winston. Second, it is clear from the record that the indictment and, more importantly, Rettelle's guilty plea, referred only to the plants seized at the Davis property.

In Winston, the two incidents for which the defendant was convicted were distinct offenses because they took place at different locations, could be (and were) charged as separate counts, and were not part of a common conspiracy. Compare Winston with United States v. Pruitt, 156 F.3d 638, 643–45 (6th Cir.1998) (holding that drugs involved in a single conspiracy should be aggregated to determine applicability of § 841(b)). We need not decide in this case the exact definition of "a violation" of the prohibition on manufacturing marijuana. The record contains no evidence that Rettelle cultivated marijuana on a continuous basis. Rather, Rettelle's 1992 and 1993 marijuana crops were the products of distinct growing seasons separated by several months in which

Rettelle apparently did not grow any plants. Despite the open-ended time frame of the indictment, the record in this case demonstrates that each year's activity was a separate offense. To say, under these facts, that Rettelle's many years of growing marijuana was a single offense would be to say that Winston does not apply to defendants charged with manufacturing drugs, rather than possessing or selling them. Neither the language of § 841(b) nor the reasoning of Winston makes such a distinction.

In addition, the factual basis established for Rettelle's guilty plea covers only the plants seized at the Davis property in 1993. The district judge informed Rettelle that if she exercised her right to go to trial, the government would have to prove "that the crime happened reasonably close to the date charged in the indictment ..., May, 1993." Plea Tr. at 10. When the court formally asked for Rettelle's plea, it asked her if she pleaded guilty or not guilty to "knowingly manufacturing marijuana in May of '93." Plea Tr. at 25. When the court and the government's attorney discussed what possible sentence Rettelle might receive, they clearly treated the seized plants as the crime of conviction and all other plants as "relevant conduct" under the Guidelines. Plea Tr. at 14, 16. The parties have continued to make this distinction on appeal. It is very clear that Rettelle did not plead guilty to two or more years of manufacturing marijuana but to the specific acts in 1993 that the government was in a position to prove. She must be sentenced accordingly. Cf. United States v. Bush, 70 F.3d 557, 560–61 (10th Cir.1995) (holding that if the court cannot determine, with reasonable degree of certainty and based on the entire record, whether defendant intended to plead guilty to distributing cocaine base or cocaine powder, then the lower of the two sentences must be imposed), cert. denied, 516 U.S. 1082, 116 S.Ct. 795, 133 L.Ed.2d 743 (1996). Because fewer than one hundred plants were seized at the Davis property, the crime for which Rettelle was convicted does not make her subject to § 841(b)'s five-year mandatory-minimum sentence.

## B. PERJURY ENHANCEMENT

Before deciding to apply § 841(b), the district court had ruled that Rettelle's perjury was "relevant conduct" that it would take into account in determining her sentence. *See* U.S.S.G. § 1B1.3. This ruling could have resulted in a two-level increase in Rettelle's offense level under the Sentencing Guidelines. *See* U.S.S.G. § 3C1.1. However, because the court imposed a five-year sentence pursuant to the statute, it did not, in the end, reach this issue: it did not analyze Rettelle's perjury under § 3C1.1 or our cases interpreting that section.

Section 1B1.3(a) of the Guidelines states that relevant conduct includes conduct "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." We are inclined to agree with Rettelle that it strains the language of this section to hold that confessing, even falsely, to a crime qualifies as seeking "to avoid detection or responsibility for that offense." However, § 3C1.1 contains its own specification of what conduct the sentencing court should consider: conduct that occurs "during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. On remand, the district court should decide whether Rettelle's perjury should be the basis for a sentence enhancement in light of our cases interpreting § 3C1.1. *See, e.g., United States v. Koeberlein,* 161 F.3d 946, 950–51 (6th Cir.1998); *United States v. Walker,* 119 F.3d 403, 405–07 (6th Cir.1997); *United States v. Crousore,* 1 F.3d 382, 384–85 (6th Cir.1993).

## III. CONCLUSION

Because the district court incorrectly imposed sentence under 21 U.S.C. § 841(b)(1)(B)(vii), we **VACATE** Rettelle's sentence and **REMAND** this case for resentencing consistent with this opinion.