UNITED STATES of America, Plaintiff—Appellee,

v.

Carlos RIDLEY, Defendant—Appellant.

No. 00-5421.

United States Court of Appeals, Sixth Circuit.

May 16, 2001.

**446**

Before KENNEDY and
SUHRHEINRICH, Circuit Judges;
GADOLA, District Judge.*

PER CURIAM.

Defendant Carlos Ridley appeals his sentence after a guilty plea to (1) distributing cocaine powder in violation of 21 U.S.C. § 841(a)(1), and (2) distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). Defendant argues that (1) the court erred in using relevant conduct to increase his sentence because there was no evidence that the alleged relevant conduct was part of a common scheme or plan. (2) the court violated Defendant's Sixth Amendment right to be informed of the crimes with which he is charged by failing to provide notice that relevant conduct would be used to increase his sentence, and (3) the court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by using the relevant conduct to sentence Defendant "past what he would have received" had he been sentenced solely for the conduct charged in

the indictment. We AFFIRM Defendant's sentence.

## I.

On March 30, 1999, a confidential informant purchased 0.7 grams of cocaine from Defendant. The purchase was recorded by agents of the Joint State Drug Task Force and the F.B.I. On April 3, 1999, a confidential informant purchased 2.5 grams of crack cocaine from Defendant. This purchase was similarly recorded.

Defendant was arrested on October 14, 1999. He told F.B.I. agents that for six months in 1996 and 1997, he had acquired six to seven ounces of crack cocaine from Tarrent McLean and Basil Small. He also admitted that between April 1998 and June 1999, he had acquired approximately four to five ounces of crack cocaine from Ricky Howard.

Defendant pleaded guilty to both counts of the indictment. The Presentence Report ("PSR") included as relevant conduct the six to seven ounces of crack purchased from McLean and Small in 1996–97. However, the PSR neglected to mention the four to five ounces of crack purchased from Ricky Howard in 1998–99. Under the PSR, Defendant's total adjusted base offense level was 31, and his criminal history category was VI.

At sentencing, Defendant objected to the relevant conduct included in the PSR. In essence, he argued that the 1996–97 drug transactions were too remote to be included as relevant conduct under the sentencing guidelines, and that he was not provided notice that those transactions would be used against him. In response, the United States proposed that the 1996–97 drug transactions (amounting to six

---

\* The Honorable Paul V. Gadola, United States District Judge for the Eastern District of     Michigan, sitting by designation.

ounces) be excluded as relevant conduct, but that the 1998–99 transactions (amounting to four ounces) be included. Defendant's counsel agreed to the proposal: "Your Honor, we agree that the relevant conduct does include the 4 ounces included in that." Thus, Defendant's total readjusted base offense level was 29, and his criminal history category remained at VI. Defendant was ultimately sentenced to 176 months of imprisonment.

## II.

In reviewing a district court's sentencing determinations, we will not reverse the district court's findings of fact unless they are clearly erroneous. 18 U.S.C. § 3742(e); *United States v. Hamilton,* 929 F.2d 1126, 1130 (6th Cir.1991). Furthermore, we must give due deference to the court's application of the guidelines to the facts. 18 U.S.C. § 3742(e). However, "[w]hether the facts found by the district court warrant the application of a particular guideline provision is a legal question and is to be reviewed de novo by the appellate court." *United States v. Partington,* 21 F.3d 714, 717 (6th Cir.1994).

## III.

### A.

■ Defendant first argues that the 1998–1999 drug transactions, in which he admitted involvement, were too remote to constitute relevant conduct under the Guidelines. Section 1B1.3(a)(1) of the Guidelines defines relevant conduct to include "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" that occurred "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1) (1998). Relevant conduct also includes, with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts that were part of a "common scheme or plan" or the same "course of conduct" as the offense of conviction. USSG § 1B1.3(a)(2). "Common scheme or plan" means that the offenses are connected by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi.* USSG § 1B1.3, cmt. n. 9. "Same course of conduct" means that the offenses are sufficiently connected to be described as "a single episode, spree, or ongoing series of offenses." *Id.* "The three factors relevant to determining whether offenses are sufficiently related to constitute the 'same course of conduct' include 'the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses.'" *United States v. Hill,* 79 F.3d 1477, 1481–82 (6th Cir.1996) (quoting USSG § 1B1.3, cmt. n. 9). "The commentary requires courts to balance these factors such that 'when one of [these] factors is absent, a stronger presence of at least one of the other factors is required.'" *Id.*

Specifically, Defendant maintains that "there is no proof that [Defendant] committed the relevant conduct in the course of the offense charged, the preparation of the offense, or the attempting to avoid detection or responsibility." Defendant cites *Hill,* wherein we noted that when "'illegal conduct does exist in "discrete, identifiable units" apart from the offense of conviction, the Guidelines anticipate a separate charge for such conduct.'" 79 F.3d at 1482 (quoting *United States v. Hahn,* 960 F.2d 903, 909 (9th Cir.1992)).

We reject Defendant's argument. Because 21 U.S.C. § 841(a) defines a crime of a character for which USSG § 3D1.2(d)

would require grouping of multiple counts, the issue is whether the 1998–1999 drug transactions were part of either a "common scheme or plan" or the same "course of conduct" as the offenses of conviction. USSG § 1B1.3(a)(2). The United States presented evidence that the 1998–1999 transactions all (1) involved distribution of powder cocaine and crack in Fayetteville, Tennessee, (2) originated from Ricky Howard, Defendant's source, and (3) were related to a gang operating in Fayetteville known as the "Dawg Pound." The 1998–1999 transactions were therefore part of the same "common scheme or plan" because they were connected to the offenses of conviction by the common factors of accomplices, purpose, and similar *modus operandi*. This evidence is sufficient to uphold the district court's application of the Guidelines on this issue. Moreover, Defendant's reliance on *Hill* is misplaced because in *Hill* the only connection between the offense charged and the relevant conduct was that both involved possession of crack cocaine. *See Hill*, 79 F.3d at 1485. Here, however, not only did the transactions involve the same type of drug, but they originated from the same source and took place in the same community.

### B.

Defendant next argues that he was deprived of his Sixth Amendment right to be aware of the charges against him because the PSR contained the first indication that the prior drug transactions would be used as relevant conduct. Defendant cites *United States v.. Rettelle*, 165 F.3d 489, 492 (6th Cir.1999), wherein we held that relevant conduct could not be used to impose the statutory minimum mandatory sentence under 21 U.S.C. § 841(b).

We reject Defendant's contention. This Circuit has long recognized the validity of the relevant conduct provisions of the Guidelines, despite what has been characterized as their "apparent unfairness." *See Hill*, 79 F.3d at 1481. Defendant cites no precedent supporting his alleged entitlement to notice of relevant conduct prior to the PSR. Moreover, *Rettelle* is not applicable here. In *Rettelle*, we drew a distinction between the mandatory minimum sentence provision of 21 U.S.C. § 841(b), which must be based on a single violation, and the relevant conduct provision of the Guidelines, which aggregates relevant conduct. *Rettelle*, 165 F.3d at 491. Here, Defendant was not subject to the minimum mandatory sentence of 21 U.S.C. § 841. Thus, the court properly sentenced Defendant.

### C.

■ Finally, Defendant argues that his Fifth and Sixth Amendment rights were violated, as provided in *Apprendi*, when the court, in determining relevant conduct, made factual findings as to the quantity of drugs for which Defendant was responsible, which in turn substantially increased his sentence. In *Apprendi*, the Supreme Court held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 455, 120 S.Ct. 2326. "Pursuant to the provisions of § 841, the quantity of drugs is a factual determination that significantly impacts the sentence imposed." *United States v. Page*, 232 F.3d 536, 543 (6th Cir.2000).

We reject Defendant's argument because *Apprendi* is simply not implicated on these facts. For purposes of Defendant's case, 21 U.S.C. § 841(b)(1)(C) provides for maximum imprisonment of 240 months. Defendant was sentenced to 176 months. Therefore, the court's factual findings did

not increase the punishment for the crime beyond the statutory maximum.

Additionally, because Defendant did not properly raise the issue before the district court, our review is for plain error. Fed. R.Crim.P. 52(b); *Page*, 232 F.3d at 543 (applying plain error analysis to case that was pending on direct appeal when *Apprendi* was decided). If a plain error affects substantial rights, we may exercise discretion and notice the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Page*, 232 F.3d at 543–44 (internal quotation omitted). In *Page*, we held that an *Apprendi* violation would meet the plain error standard when the error is prejudicial in the sense that it "affected the outcome of the district court proceedings." *Id.* at 544 (internal quotation omitted). Here, there was no plain error.

Therefore, we conclude that the Defendant's sentence did not violate *Apprendi*.

## IV.

For the foregoing reasons, we AFFIRM Defendant's sentence.