**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0559n.06

No. 08-6461

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 10, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| BERNARD A. WALKER, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

**Before: DAUGHTREY, MOORE, and CLAY, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Bernard Walker was indicted on one count of possessing with intent to distribute fifty or more grams of crack cocaine. He entered into a plea agreement, pleaded guilty, and was sentenced to life in prison, the mandatory-minimum sentence provided in 21 U.S.C. § 841, due to his prior convictions. Walker then filed this appeal. For the reasons that follow, we **AFFIRM**.

* * *

Bernard Walker was indicted on May 13, 2008, on one count of possessing with intent to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On July 21, 2008, the government filed an Information and Notice that it would seek the enhanced penalty set out in § 841(b)(1)(A), which provides that individuals who violate § 841(a)(1) "after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a

mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A). Walker's first prior felony conviction was for possession of cocaine with intent to sell in Tennessee state court in March 1997, and his second was for possession with intent to distribute crack cocaine in the U.S. District Court for the Eastern District of Tennessee in February 1998.

On July 31, 2008, Walker pleaded guilty. At the sentencing hearing on November 25, 2008, the district court found the Guidelines range to be 87 to 108 months in prison, but it then acknowledged that 21 U.S.C. § 841(b)(1)(A) required a mandatory-minimum sentence of life in prison. As a result, the district court sentenced Walker to life in prison, followed by ten years of supervised release. Walker filed a notice of appeal on December 2, 2008.

Walker challenges the sufficiency of the evidence relied upon in accepting his guilty plea. He observes that the enhancement in 21 U.S.C. § 841(b)(1)(A) can be applied only if the defendant commits one violation of § 841 in which the defendant is in possession of fifty or more grams of a controlled substance; it is not permissible to reach or surpass the fifty-gram mark by adding two entirely separate violations together. *See United States v. Winston*, 37 F.3d 235, 240 (6th Cir. 1994) (holding that there must be a "*single* violation involving '50 grams or more' of cocaine base" to trigger the § 841(b)(1)(A) enhancement (quoting 21 U.S.C. § 841(b)(1)(A); emphasis in original)); *United States v. Rettelle*, 165 F.3d 489 (6th Cir. 1999) (same for the enhancement in § 841(b)(1)(B)). Here, Walker claims that there is no evidence connecting the 47.7 grams found in his pocket when he was arrested to the 34 grams that he removed from his buttocks a few hours after his arrest.

The government responds by arguing that Walker has waived this argument because "he expressly stated in his plea agreement and in open court that he possessed fifty grams or more of crack cocaine with the intent to distribute." Gov't Br. at 15 (citing *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (declining to review a defendant's argument that two prior offenses were not aggravated felonies under 8 U.S.C. § 1326 because, at sentencing, the defendant admitted that the offenses did qualify as aggravated felonies, thereby waiving the argument on appeal)). The government also addresses the merits of Walker's claim. The government distinguishes *Winston* on the ground that the quantities of drugs that were aggregated in that case were charged in separate counts, and there was no evidence that they were otherwise part of a single violation. *See Winston*, 37 F.3d at 241. The government also distinguishes *Rettelle*, which hinged on whether the district court properly found that the defendant possessed over 100 marijuana plants. The government notes that 93 of the marijuana plants in that case (all of which were found in 1993) were the basis for the statutory violation, and the evidence of additional plants (pushing the total over 100) came from evidence presented in another defendant's trial. *Rettelle*, 165 F.3d at 491–92. Furthermore, these additional plants were from 1992—a "distinct growing season[,] separated by several months in which Rettelle apparently did not grow any plants." *Id.* at 492. The aggregation of the 93 plants from 1993 and the additional plants from 1992 was therefore improper because these two groups did not amount to a single violation of the statute. *Id.* at 491–92.

We agree with the government's second argument, so we need not address its waiver argument. There is a clear connection between the 47.7 grams and the 34 grams that permits the two

quantities to be charged in a single violation, which distinguishes this case from *Winston* and *Rettelle*: although the two amounts were not found at exactly the same time, both were found on May 12, 2008, during the course of Walker's interactions with the police, from his arrest to his placement in an interview room. There is nothing in the record that could support a finding by a jury that Walker obtained possession of the 34 grams in thirteen plastic baggies and hid them in his buttocks at some point *after* the police found the 47.7 grams in his pocket. Indeed, Walker was in police custody the entire time, and at both the plea agreement and the change-of-plea hearing, he admitted that he told the police, after they read him his *Miranda* rights, that he had hidden the 34 grams in his buttocks to avoid being detected. *See* R. 18 (Plea Agreement ¶ 4 at 3); R. 26 (Change of Plea Tr. at 10–11). Therefore, contrary to Walker's claims, the evidence supports only the conclusion that Walker hid the 34 grams sometime before being arrested, which means that he possessed both quantities at the same time. As a result, the district court did not aggregate amounts that were possessed at different times or in different places, and *Winston* and *Rettelle* do not affect the sufficiency of the evidence used to convict Walker. Sufficient evidence supported his conviction for possession of fifty or more grams of a controlled substance, the charge to which he pleaded guilty.

Lastly, insofar as Walker attempts to raise on appeal a claim of ineffective assistance of trial counsel, we decline to consider this issue because such a claim is more appropriately raised in a § 2255 proceeding. *See United States v. Bradley*, 400 F.3d 459, 461–62 (6th Cir. 2005); *Massaro v. United States*, 538 U.S. 500, 505, 509 (2003).

**\* \* \***

We therefore **AFFIRM** Walker's conviction insofar as he has challenged the sufficiency of the evidence used to convict him. We **DENY** the motion to dismiss as moot. Pursuant to the terms of the plea agreement, Walker may bring his claim of ineffective assistance of counsel in a proceeding under 28 U.S.C. § 2255 if he chooses.