Horace B. BIGGS, Petitioner–Appellant,

v.

UNITED STATES OF AMERICA, Respondent–Appellee.

No. 99–5238.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before JONES and COLE, Circuit Judges; NUGENT, District Judge.*

### ORDER

Pro se federal prisoner Horace B. Biggs appeals a district court judgment that denied his 28 U.S.C. § 2255 motion. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In July 1997, Biggs pleaded guilty to a charge of conspiracy to possess methamphetamine with the intent to distribute it. 21 U.S.C. § 846. Biggs was sentenced to ten years of imprisonment. He did not take a direct appeal.

In May 1998, Biggs filed the instant § 2255 motion, claiming that: (1) counsel was ineffective in failing to raise the issue of sentencing entrapment, (2) counsel was ineffective in not challenging the "negotiated drug amount," and (3) the district court should have granted him a downward departure for "unusual family circumstances." The district court denied § 2255 relief, but granted Biggs a certificate of appealability ("COA") on issues numbered one and two. This court denied Biggs a COA on issue three, but ordered the parties to brief the issues that the district court found to be COA-worthy.

In his timely appeal, Biggs argues that: (1) counsel was ineffective in not seeking a

---

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

downward departure based on sentencing entrapment, (2) counsel was ineffective in not challenging the negotiated drug amount, (3) counsel was ineffective in not seeking a downward departure based on the below-market-value sale of the methamphetamine in a reverse-sting operation, (4) the district court should have departed downward because of his unusual family circumstances, and (5) the district court erred by not conducting an evidentiary hearing on his motion to vacate.

■ We note initially that Biggs's contention that "unusual family circumstances" merited a downward departure is not properly before the court. Review of a district court's judgment on appeal in this context is limited to the issues on which a COA has been granted. *Norris v. Schotten,* 146 F.3d 314, 323 (6th Cir.1998); *Murray v. United States,* 145 F.3d 1249, 1250–51 (11th Cir.1998).

■ We also note that Biggs has raised appellate issue number three, concerning the below-market sale of methamphetamine in a reverse sting, for the first time on appeal. Section 2D1.1, comment. (n.15) of the Guidelines provides for a downward departure when the government–in a reverse-sting operation–discounts the price of a controlled substance so deeply below fair market value that the defendant is led to purchase "a significantly greater quantity of the controlled substance than his available resources would have allowed him to purchase except for the artificially low price set by the government agents...." The posture of this issue prevents review. This court is not compelled to hear, nor should it hear, an issue not first presented to the district court, unless reaching that issue serves an over-arching purpose beyond that of arriving at the correct result in an individual case. *Turner v. McMahon,* 830 F.2d 1003, 1008 (9th Cir.1987); *Foster v. Barilow,* 6

F.3d 405, 407 (6th Cir.1993) (issues raised for the first time on appeal are not considered by this court absent extraordinary circumstances). A review of the record reveals that no such exceptional circumstances exist in this case. *Foster,* 6 F.3d at 407 (outlining when this court will address an issue for the first time on appeal). The issue is not purely legal and the record was not developed sufficiently in the district court for a decision to be reached at this time.

We review de novo the district court's legal conclusions regarding a § 2255 motion, but will uphold the district court's factual findings unless they are clearly erroneous. *Nagi v. United States,* 90 F.3d 130, 134 (6th Cir.1996). To obtain relief under § 2255, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the outcome of the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Fair v. United States,* 157 F.3d 427, 430 (6th Cir.1998).

■ Biggs has failed to show that his attorney rendered constitutionally ineffective assistance at sentencing. To establish ineffective assistance of counsel, Biggs must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Stevens,* 851 F.2d 140, 145 (6th Cir.1988) (applying *Strickland* to noncapital sentencing). Judicial scrutiny of counsel's performance is highly deferential and "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

Biggs's sentencing-entrapment contention lacks merit. This court has never formally accepted the theory of sentencing entrapment. *United States v. Jones,* 102 F.3d 804, 809 (6th Cir.1996). In a line of unpublished cases, however, the court has assumed that if the facts of a case demonstrate that the government manipulated or otherwise entrapped the defendant for the purpose of increasing his sentence, the defendant may be entitled to relief. We have defined sentencing entrapment as: outrageous official conduct which overcomes the will of an individual predisposed only to dealing in small quantities for the purpose of increasing the amount of drugs and the resulting sentence of the entrapped defendant.

Biggs's claim of ineffective assistance fails because the record reveals that Biggs was predisposed to deal in distribution-sized quantities of methamphetamine. Biggs was charged following the execution of a reverse-sting operation in which the government sold four pounds of methamphetamine to Biggs and his co-defendant. Biggs sought to purchase the drugs so that he could resell them in Memphis, Tennessee. Biggs met an informant at a nightclub and gave the informant $2,000 for the purchase. Later, during a telephone conversation that was recorded, the informant stated that he felt a pressing need to be rid of the four pounds of methamphetamine he was about to possess and that Biggs could have all four pounds for $5,000. Biggs accepted the bargain, delivered $2,500 to make the purchase, and was arrested after he and his co-defendant took possession of all four pounds of methamphetamine.

At sentencing, Biggs stated that it was never his "intention to buy four pounds of crystal meth." He stated that, "If they had not been practically give [sic] to me, I wouldn't be in the trouble I am now." Defense counsel claimed that the confidential informant enticed Biggs by offering $64,000 or $40,000 worth of methamphetamine to Biggs for only $5,000. Counsel requested a sentence of ten years of imprisonment, the government agreed to defense counsel's recommendation, and the court imposed that sentence.

In his § 2255 motion, Biggs claimed that counsel was ineffective in failing to raise the question of entrapment at sentencing. The record reflects that counsel did, in fact, raise this issue when requesting the statutory minimum sentence. Biggs essentially argues that counsel should have asked for more–that counsel should have sought a downward departure from the mandatory minimum sentence because of the government's manipulation of the drug quantity. It is unclear whether counsel had a strategic reason for not requesting the departure; nevertheless, the record reveals that Biggs was predisposed to deal in large quantities of methamphetamine. Biggs stated at rearraignment that he expected to make somewhere between 50 thousand and 70 thousand dollars in profit on the methamphetamine and that his co-defendant already had purchasers for the drugs. His willingness to engage in a large-scale methamphetamine conspiracy is also evident in his offer to obtain five gallons of red phosphorous, a chemical ingredient of methamphetamine. In the face of this evidence, counsel was not required to pursue a futile challenge. *See, e.g., Lucas v. O'Dea,* 179 F.3d 412, 420 (6th Cir.1999) (holding that counsel is not required to be prescient or to raise weak or futile arguments on behalf of his client).

■ Biggs's ineffective-assistance claim regarding the "negotiated drug amount" is also lacking in merit. Section 2D1.1, com-

ment. (n.12) (1995) authorizes a court "to approximate the quantity of a controlled substance" amount when no drugs are seized and to use an agreed-upon quantity of a controlled substance "unless the sale is completed and the amount delivered more accurately reflects the scale of the offense." Because the methamphetamine was seized and because the sale was completed, counsel could not have been ineffective in failing to raise a futile objection based on this subsection. No "puffery" regarding the amount of methamphetamine was involved in Biggs's case. *United States v. Gessa*, 971 F.2d 1257, 1263 n. 5 (6th Cir.1992).

Finally, we conclude that the district court did not abuse its discretion in foregoing an evidentiary hearing on Biggs's § 2255 motion. *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir.1981). Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law regarding the movant's case unless the filings and the record conclusively show that the movant is not entitled to relief. 28 U.S.C. § 2255; *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995). An examination of the record and law, in the light of the issues advanced by Biggs in his § 2255 motion, supports the district court's decision to deny the relief sought without the necessity of conducting an evidentiary hearing.

Accordingly, the government's motion for the court to take judicial notice is denied as unnecessary, and we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.