**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marcus Quinn FAIRLEY,**
**Defendant–Appellant.**

**No. 01–1265.**

United States Court of Appeals,
Sixth Circuit.

Oct. 18, 2002.

Before KENNEDY and MOORE, Circuit Judges, and DOWD, Senior District Judge.*

## OPINION

DOWD, Senior District Judge.

Defendant–Appellant (hereafter "defendant") entered a plea of guilty to Count I in the superseding indictment which charged him with conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). The conspiracy count alleged that "during the course of this conspiracy, over fifteen

(15) kilograms of cocaine base, also known as crack cocaine, were distributed." The plea agreement, however, limited the type of cocaine to powder. Defendant also entered pleas of guilty to Counts VII and VIII charging substantive counts of possession of crack cocaine with intent to sell in violation of 21 U.S.C. § 841(a)(1). The sentencing hearing was conducted on January 30, 2001, after the decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

On appeal, defendant challenges his sentence as being in violation of *Apprendi* and subsequent decisions of this court because the indictment did not specify the quantity of drugs involved during his participation in the conspiracy, nor did the conspiracy count indicate when he joined or left the conspiracy. Additionally, defendant asserts that, since Counts VII and VIII did not set forth an amount of drugs, the ensuing sentence of 151 months for the three counts violates the teachings of *Apprendi* and its progeny, specifically, *United States v. Ramirez,* 242 F.3d 348, 351 (6th Cir.2001) and *United States v. Strayhorn,* 250 F.3d 462 (6th Cir.2001).[1]

The written guilty plea agreement contained the following passage:

Pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that any sentence of incarceration shall not exceed *the midpoint of the guideline range which the court finds to be applicable.* The defendant and his attorney agree that the government may provide information regarding the allegation in the other counts of the First Superseding Indictment and that this information may be used in calculating the guidelines as this

---

* The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

1. Our *Apprendi* jurisprudence is now summarized in *United States v. Chapman,* 305 F.3d 530 (6th Cir.2002).

information is relevant as criminal activity jointly undertaken by the defendant pursuant to Application note 2 under the commentary to U.S.S.G. § 1B1.3 Relevant Conduct.

The parties agree that the defendant is facing a base offense level of 34 (15 to 50 kilograms of powder cocaine) plus two levels for possession of firearm under U.S.S.G. § 2D1.1(b)(1), less three points for acceptance of responsibility, resulting in a total offense level of 33. Assuming a criminal history of I, which appears applicable, the defendant's guideline range is 135 to 168 months (11.5 to 14 years). The mid-point of this range is 151.5 months (12.625 years). *The parties agree, though, that it is the court's determination as to the guidelines, not the parties [sic], which controls at sentencing.*

J.A. Vol. I at 202 (emphasis in original).

Consistent with the plea agreement, the Presentence Report fixed the base offense level at 34 based on at least 15 but less than 50 kilograms of cocaine. Two levels were added for defendant's possession of a firearm consistent with U.S.S.G. Section 2D1.1(b)(1). After three levels were deducted for acceptance of responsibility, the total offense level was fixed at 33. Based on a Criminal History of I, the sentencing range was set at 135 to 168 months. The court imposed a sentence of 151 months after denying defendant's motion for a downward departure. The guilty plea was entered on June 22, 2000. The sentencing hearing was conducted on January 30, 2001, after the decision in *Apprendi, supra.* At the sentencing hearing, defendant's trial counsel stated his belief that the *Apprendi* decision was not at issue as the sentence would be less than 20 years. Defendant did move for a downward departure based on his post-criminal activity rehabilitation and on his wife's obligations

and health condition. The court denied the motion for downward departure.

On appeal, defendant contends that an *Apprendi* violation took place. He cites several Sixth Circuit decisions in support of that argument. We disagree for the following reasons. First, the sentence does not exceed the maximum of a 20–year sentence for an indictment for cocaine conspiracy where no quantity is alleged. Second, the indictment alleges a quantity in excess of 15 kilograms of crack cocaine. Third, the written plea agreement concedes that defendant is facing a base offense level of 34 based on 15 to 50 kilograms of powder cocaine. Fourth, defendant expressly agreed in the written plea agreement to not appeal and not challenge the accuracy of any sentencing guideline calculations or any other factors stipulated to in the plea agreement which included an agreement on the base offense level of 34. (*See* J.A. Vol. I at 205). Fifth, at the sentencing hearing, defendant, through counsel, advised the district court that, in his view, there was no *Apprendi* issue because, under the sentencing agreement, his sentence was limited to under 20 years, which was described as "the maximum under the lowest echelons of the drug laws (so) that *Apprendi* would not apply." *See* J.A. Vol. I at 266. Finally, *Apprendi* is not even implicated where, as here, "the district court did not rely on any fact outside the plea agreement to determine drug quantity at sentencing." *United States v. Harper,* 246 F.3d 520, 530–31 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001).

Defendant was at-large for a number of years after the indictment was returned. As a consequence, he moved the court for a downward departure based on his post-offense rehabilitation and his wife's medical problems. The district court consid-

ered the motion and then denied it, finding defendant's conduct in eluding a post-indictment traffic arrest to be inconsistent with the claim of rehabilitation. J.A. Vol. I at 297–302. This court has no jurisdiction to review a district court's discretionary refusal to depart. *United States v. Henderson*, 209 F.3d 614, 617 (6th Cir. 2000); *United States v. Cook*, 238 F.3d 786, 791 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 175, 151 L.Ed.2d 121 (2001).

Accordingly, the sentence is AFFIRMED.