**UNITED STATES of America,**
**Appellee/Cross–Appellant,**

v.

**Jamar JERNIGAN, Appellant/Cross–**
**Appellee.**

**Nos. 01–2121, 01–2304.**

United States Court of Appeals,
Sixth Circuit.

Feb. 18, 2003.

648

Before BATCHELDER and MOORE, Circuit Judges;  and COLLIER, District Judge.*

COLLIER, District Judge.

Defendant Jamar Jernigan pleaded guilty to two counts of a six-count indictment which charged him with trafficking cocaine and cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1).  On August 1, 2001, the district court sentenced him to 121 months imprisonment and he now appeals that sentence for a variety of reasons.  The Government cross-appeals the district court's decision not to enhance Defendant's sentence pursuant to United States Sentencing Commission, *Guidelines Manual,* § 2D1.1(b)(1) (Nov.2000), for possession of a firearm.

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Ten-

nessee, sitting by designation.

For the reasons stated below, we AF-FIRM the district court with regard to Defendant's appeal and REVERSE the district court's decision not to apply the § 2D1.1(b)(1) enhancement.

## I. BACKGROUND

In the spring of 2000 federal task force agents began investigating Defendant Jamar Jernigan for drug trafficking. An undercover agent entered into a series of transactions with him. The agent purchased cocaine base ("crack")[1] from him over a three-week period obtaining crack on at least seven different occasions. The amounts sold by Defendant ranged from approximately five to twelve grams.

During the investigation the Government obtained a search warrant for Defendant's residence and found 39.7 grams of crack, a scale, a measuring bowl, a 9mm handgun with a loaded magazine, and $3,000 in cash located in Defendant's closet. The closet was locked with a padlock for which Defendant had a key.

Defendant was charged in a six-count indictment with various drug trafficking offenses. On February 13, 2001, he entered a plea agreement with the Government. As part of the agreement he agreed to plead guilty to counts two and six of the indictment. Count two charged him with distribution of cocaine powder and count six charged him with distribution of crack. The Government agreed to dismiss the remaining counts of the indictment including a charge for possessing a firearm during a drug trafficking offense which would have required a five year mandatory sentence consecutive to all other sentences.

The plea agreement contained a stipulation to the facts listed above including the

gun being found in Defendant's bedroom closet. The agreement further explained the sentencing guidelines worksheets attached to the agreement represent the "joint position of the parties on the factors to be considered in calculating the appropriate sentencing range" (J.A. at 22). Among those factors listed in the worksheets was a two-point enhancement pursuant to USSG § 2D1.1(b)(1) for possession of a firearm. An addendum to the plea agreement gave Defendant the right to seek a downward departure based solely on the issue of sentencing entrapment.

A few months after the parties entered into the plea agreement. Defendant obtained new counsel, Suzanna Kostovski, who continues to represent him on appeal. At Defendant's sentencing she moved for a downward departure based on sentencing entrapment/sentencing manipulation. The Government objected to the motion because, *inter alia*, Defendant could not argue sentencing manipulation without violating the plea agreement. Defendant's counsel responded by contending Defendant's manipulation argument was simply a variation of sentencing entrapment, but inasmuch as it could be construed as a separate argument Defendant withdrew the request for a departure for sentencing manipulation. The district court then stated it understood Defendant to be withdrawing his sentence manipulation argument and thus the only argument left was his argument for sentencing entrapment. After considering the various factors of sentencing entrapment, the district court stated it did not believe the facts in this case warranted a departure because Defendant had shown a predisposition toward dealing in the amount of drugs he sold to the undercover agent and the Govern-

---

1. Count two of the indictment charged Defendant with distributing cocaine hydrochloride. Because the Government was unsure of the exact composition of the substance, the indict-

ment listed the substance as cocaine. It was later determined to be crack cocaine (J.A. at 89, n. 2, 118–19).

ment's conduct in this case was not outrageous.

The district court then considered and rejected Defendant's other arguments. It held because Defendant agreed to the drug amounts in the plea agreement and no statutory maximum was implicated by his guideline range, his argument based upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was without merit. It also denied Defendant's objection to the court's aggregation of his drug amounts for sentencing because Defendant was not being sentenced pursuant to a statutorily mandated sentence.

As the district court was pronouncing Defendant's guideline range, it stated it would not apply the § 2D1.1(b) gun enhancement to Defendant's offense level. It noted the gun was found in Defendant's room, and he was the only one with a key to the closet where the gun was found. However, it stated it would exercise its discretion under the *Hardin* decision[2] and not apply the two level enhancement.

## II. DISCUSSION

### A. Sentencing Entrapment

■ Defendant appeals the district court's decision not to depart from his guideline range for sentencing entrapment. A decision by a district court not to depart from the guideline range is generally not appealable. *United States v. Henderson* 209 F.3d 614, 617 (6th Cir.2000). In fact, a district court's discretionary decision not to depart cannot be reviewed by the appellate court. *Id.*

An appeal may be taken, however, when the district court believed it lacked any authority to depart downward as a matter of law. *United States v. Prince*, 214 F.3d 740, 766 (6th Cir.2000). To determine whether the district court believed it

lacked authority to deviate from the guidelines, we must examine the transcript of the sentencing hearing.

■ During the sentencing hearing the district court discussed with counsel the factors it should consider in deciding whether to depart based upon a theory of sentencing entrapment. While we have never officially accepted a sentencing entrapment theory, we have defined what would need to be shown in order to make such a claim. *Biggs v. United States*, 3 Fed.Appx. 445 (6th Cir.2001) (unpublished) (citing *United States v. Jones*, 102 F.3d 804, 809 (6th Cir.1996)). Sentencing entrapment is defined as "outrageous official conduct which overcomes the will of an individual predisposed only to dealing in small quantities for the purpose of increasing the amount of drugs and the resulting sentence of the entrapped defendant." *Id.* The district court correctly identified these factors, and found they were not present in the instant case. First, it found Defendant did not prove outrageous conduct on the part of law enforcement and second he could not show a lack of a predisposition to dealing in drug amounts for which he was held responsible. Citing these factors, it chose not to depart.

After reviewing the record, we conclude the district court believed it had discretion to depart on the basis of sentencing entrapment. Accordingly, its decision is not subject to review.

### B. Aggregation of Drug Amounts

■ Defendant next argues the district court erred when it aggregated the drug amounts he sold to the undercover agent on several different occasions. He contends because the drug amounts he sold to the agent on separate occasions were less than the 50 gram amount for a 21 U.S.C.

---

**2.** *United States v. Hardin,* 248 F.3d 489 (6th    Cir.2001).

§ 841(b)(1)(A) violation, he cannot be subject to the mandatory minimum sentence required by that section of the statute.

In *United States v. Winston,* 37 F.3d 235 (6th Cir.1994), we held when a defendant violates 21 U.S.C. § 841(a)(1) more than once, possessing less than 50 grams of cocaine base on each separate occasion, 21 U.S.C. § 841(b)(1)(A)'s sentencing enhancement does not apply because there is no single violation of "50 grams or more." We applied the same reasoning in determining the mandatory minimum sentence provisions of 21 U.S.C. § 841(b)(1)(B) could not be imposed absent a single violation involving the required drug amount. *United States v. Rettelle,* 165 F.3d 489, 491–92 (6th Cir.1999).

In the instant case, however, the district court did not apply a mandatory sentence. Defendant was sentenced pursuant to the guidelines, not pursuant to a statutory minimum sentence. His sentence fell between the mandatory statutory minimum and the statutory maximum. Thus, it was not error for the district court to aggregate Defendant's drug amounts in determining his offense level. *United States v. King,* 272 F.3d 366, 377–78 (6th Cir.2001).

## C. *Apprendi* Error

■ Defendant argues the district court did not have subject matter jurisdiction to sentence him because the penalty provisions of 21 U.S.C. § 841(a)(1) were not listed in the indictment. He contends pursuant to *Apprendi* penalty provisions are now essential elements of the offense charged under § 841(a)(1) and must be included in every indictment. He states the failure of the indictment to include a penalty provision deprived the district court of subject matter jurisdiction to impose sentence.

This argument is patently meritless. No court has ever held *Apprendi* requires the Government to state the penalty provisions under § 841(a)(1) in order for the district court to have subject matter jurisdiction.

Moreover, in *Apprendi* the United States Supreme Court limited its holding to instances where the defendant was sentenced beyond the statutory maximum. *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362; *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). In the instant case Defendant pleaded guilty to distributing cocaine base. The statutory maximum for this crime is 20 years. 21 U.S.C. § 841(b)(1)(C). Defendant was sentenced to 121 months imprisonment, well below this statutory maximum. Thus, *Apprendi* is inapplicable to the present case. *United States v. Stafford,* 258 F.3d 465, 478 (6th Cir.2001).

## D. Technical Errors in Defendant's Judgment

Defendant complains his judgment incorrectly states he pleaded guilty to distributing cocaine base instead of cocaine powder in count two. He also contends his judgment incorrectly lists the date for the completion of count six as June 8, 2000, when in fact the correct date should be June 21, 2000. The Government agrees the judgment contains these errors and does not object to the judgment being corrected through an amended judgment. As both parties are in agreement, the district court shall amend the judgment to correct these technical errors.

## E. The Firearm Enhancement

■ The Government appeals the district court's decision not to apply a firearm enhancement to Defendant's offense level pursuant to USSG § 2D1.1(b)(1). Pursuant to § 2D1.1(b)(1) a district court should enhance the defendant's offense level by two levels if "a dangerous weapon (including a firearm) was possessed."

An enhancement under § 2D1.1(b)(1) is proper only if the government establishes, by a preponderance of the evidence, (1) the defendant possessed a dangerous weapon (2) during the commission of a drug-trafficking offense. If the government proves both of these elements, the weapon is presumed to have been connected to the defendant's offense. The defendant can rebut this presumption only by showing it is "clearly improbable that the weapon was connected to the offense." USSG § 2D1.1, comment. (n. 3).

*United States v. Moses,* 289 F.3d 847, 850 (6th Cir.2002) (citations omitted). "We review for clear error the district court's determination of whether the defendant possessed a weapon in connection with a drug offense." *United States v. Keszthelyi,* 308 F.3d 557, 578 (6th Cir.2002).

In the instant case the parties stipulated to the fact Defendant possessed a loaded 9mm handgun in his closet along with 40 grams of crack cocaine, $3,000 in cash, and narcotics packaging material. The parties also stipulated Defendant's closet was padlocked and Defendant had a key to that lock. Further, the parties stipulated in their plea agreement the firearm should be considered in evaluating Defendant's relevant conduct and Defendant should receive a two level enhancement for possession of a firearm pursuant to § 2D1.1(b)(1).

The district court noted the "relevant conduct as to the gun being found in the room and [Defendant] acknowledging he had a key to it" (J.A. at 247). However, it stated it would not apply the enhancement without further explanation citing to the *Hardin* decision. While the *Hardin* case does suggest the district court has discretion in its application of the facts of a specific case to the sentencing guidelines, it does not grant the district court authority to disregard the law. *Hardin,* 248 F.3d at 492.

From the facts stipulated by the parties, it was clear error for the district court not to apply the § 2D1.1(b) enhancement. First, the gun was in Defendant's closet, which was locked and to which he admitted he had a key. Thus, it is beyond question he possessed the gun.

Second, several factors make it clear the firearm was related Defendant's drug trafficking. The firearm was located in the same closet as the drugs and narcotics packaging. The firearm, a 9mm handgun, is the type of weapon often used in drug trafficking. The firearm was loaded. Finally, Defendant failed to make any effort to show that it was clearly improbable that the weapon was connected to the offense. All of these factors weigh in favor of applying the enhancement. *Moses,* 289 F.3d at 850.

Accordingly, we REVERSE the district court on this ruling and REMAND the case for resentencing consistent with this decision.

### III. CONCLUSION

For all the foregoing reasons, we AFFIRM the district court's rulings concerning its decision not to depart downward from Defendant's guidelines, its aggregation of Defendant's drug amounts, and its denial of Defendant's *Apprendi* argument. We REVERSE the district court's decision not to apply the § 2D1.1(b) enhancement and REMAND this case for resentencing. Finally, as the parties are in agreement concerning the technical errors in Defendant's judgment, we instruct the district court to amend Defendant's judgment during resentencing consistent with this decision.