

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2003

# USA v. Spears

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Spears" (2003). *2003 Decisions.* Paper 99.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/99

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4014

UNITED STATES OF AMERICA

v.

TODD MELVIN SPEARS,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00327)
District Judge: Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2003

Before: SCIRICA, Chief Judge,* AMBRO and GARTH, Circuit Judges

(Opinion filed  November 20, 2003)

OPINION OF THE COURT

* Judge Scirica began his term as Chief Judge on May 4, 2003.

AMBRO, <u>Circuit Judge</u>

Having pled guilty to possession with intent to manufacture and distribute more than 50 grams of crack cocaine, Todd Melvin Spears now seeks to appeal his sentence.[1] Spears's attorney, Allen C. Welch, has moved to withdraw as counsel and filed an *Anders* brief to support his contention that Spears's appeal presents no nonfrivolous issues for our review.[2] Subsequent to defense counsel's filing the *Anders* brief, Spears submitted a *pro se* "informal brief" and reply brief. Although Welch's efforts were lacking, for the reasons noted below we grant his *Anders* motion and affirm Spears's sentence.

I.

A grand jury in Harrisburg, Pennsylvania, on December 6, 2000, indicted Spears for distribution and possession with intent to distribute more than 50 grams of cocaine base – a/k/a crack cocaine – in violation of 21 U.S.C. § 841(a)(1). On February 12, 2001, Spears appeared before the District Court, waived indictment, and pleaded guilty to an information charging him with the same offense. Spears's plea was conditioned on his agreement to cooperate with the Government in exchange for recommendations to the District Court to depart downward from the maximum Sentencing Guidelines range on the basis of Spears's acceptance of responsibility and substantial assistance to the

---

[1] We note that although the documents before the District Court indicate the defendant's name is "Todd Melvin Spears," the *pro se* briefs he filed on appeal are signed "Melvin T. Spears" and "Melvin Todd Spears."

[2] We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

prosecution. The written plea agreement also provided for, *inter alia*, the dismissal of the initial indictment and a stipulation that Spears possessed and distributed more than 50 grams of crack cocaine.

The presentence investigation report (PSIR) indicated Spears sold 109.35 grams of crack cocaine, including more than 50 grams sold directly to undercover police officers on six occasions. Based on a total offense level of 34 and a Criminal History Category of VI, the Guidelines sentencing range was 262 to 327 months. An addendum to the PSIR was filed, noting Spears's comments to several of the PSIR's assertions, none of which affected the Guidelines calculations. The Government also filed a motion stating Spears had provided substantial assistance to the prosecution and recommending the District Court depart downward.[3] The District Court took this into account, and sentenced Spears to 250 months imprisonment, a $2,500 fine, and $100 special assessment.

II.

The Supreme Court in *Anders v. California*, 386 U.S. 738, 744 (1967), addressed the duties of a lawyer appointed to represent an indigent defendant when, "after a conscientious examination" of the case, he or she determines an appeal would be "wholly frivolous." Counsel "should so advise the court and request permission to withdraw," but "[t]hat request must . . . be accompanied by a brief referring to anything in the record that

---

[3] Despite our many admonishments of Welch, we do recognize his efforts to procure Government cooperation in this case.

might arguably support the appeal." *Id.* More recently, the Supreme Court held "that the *Anders* procedure is merely one method of satisfying the requirements of the Constitution for indigent criminal appeals," and each state may "craft procedures that, in terms of policy, are superior to, or at least as good as, that in *Anders*." *Smith v. Robbins*, 528 U.S. 259, 276 (2000).

Our Court has opted to codify the procedure suggested by *Anders*. Local Appellate Rule 109.2(a) states:

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response *pro se.* After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

Third Circuit L.A.R. 109.2(a). "This rule, like the *Anders* case itself, provides only a general explanation of the contours of the court's and counsel's obligations in the *Anders* situation." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). Indeed, we have refined the scope of our inquiry when presented with an *Anders* brief to determine: "(1) whether counsel adequately fulfilled [L.A.R. 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citing *Marvin*, 211 F.3d at 780).

4

Accordingly,

> except in those cases in which frivolousness is patent, we will reject briefs . . . in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client.

*Id.* (quoting *Marvin*, 211 F.3d at 781). In *Marvin* we rejected an *Anders* brief on both grounds, 211 F.3d at 781, while in *Youla* we did so for the latter reason. 241 F.3d at 300. As in those decisions, counsel in this case does not even mention the arguments raised by Spears's *pro se* brief.

Those arguments are twofold. Stated simply, Spears claims that the District Court erred in aggregating the drug quantities he sold on separate occasions to arrive at a total amount of more than 50 grams, and also that the Court erred when it stated in its plea colloquy that Spears may be subject to a mandatory minimum sentence of ten years. The failure of Spears's counsel to identify these issues includes, *a fortiori*, the failure to explain why they are legally frivolous. *See Youla*, 241 F.3d at 201 (quoting *Marvin*, 211 F.3d at 781). "Counsel simply has not provided sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Marvin*, 211 F.3d at 781.

Furthermore, the issues that Spears's counsel did choose to include in his *Anders* brief receive only cursory treatment, so skimpy it is more accurate to say their merit is not explored. The "summary of argument," in its entirety, is as follows:

5

> This is an Anders Brief. There are no colorable issues that counsel identify [sic] at any point in the history of the case. The sentence was the result of a negotiated plea agreement, which gave the Defendant the benefit of precluding any further charges, while allowing for a downward departure for substantial assistance which he received.

*Anders* Brief at 3. In an approximately two-page argument section, counsel cites only one case: the Supreme Court's decision in *Anders*. He does not mention either the section of the United States Code under which his client was convicted or the relevant Guidelines provisions under which Spears was sentenced. The brief does include some citations to the record, but the appendix does not contain the full transcript of the change of plea hearing, as pages nine through eleven inexplicably are omitted. This portion of the transcript includes an exchange between the District Court and the defendant on the figures used to compute the total amount of drugs sold – thus it is relevant to *both* of Spears's aggregation and plea colloquy arguments on appeal – and fortunately the missing pages are submitted as an appendix to the Government's brief.[4] Indeed, the *Anders* brief offers little more than counsel's repeated (and unsupported) assertion that because Spears's conviction and sentence were the result of a voluntary negotiated plea agreement, he is precluded from asserting any nonfrivolous arguments on appeal.

Again, while we recognize counsel need not include every possible claim of error in an *Anders* brief, we reiterate that "the brief at a minimum must assure us that [counsel]

---

[4] In contrast to the effort of defense counsel, we applaud the helpful and thorough materials filed by the Government.

has made a sufficiently thorough evaluation of the record to conclude that no further discussion of other areas of the case is necessary." *Marvin*, 211 F.3d at 780 (citing *United States v. Tabb*, 125 F.3d 583, 585, 585 (7th Cir. 1997)).[5]

## III.

Upon an independent review of the record and legal precedent, however, we conclude that Spears's claims of error — aggregating quantities of crack cocaine for sentencing purposes constitutes reversible error under *United States v. Winston*, 37 F.3d 235 (6th Cir. 1994), and the District Court erred in its plea colloquy by violating Rule 11 of the Federal Rules of Criminal Procedure — are without merit.

Spears signed a written plea agreement, and admitted in open court, to possessing

---

[5] We also note that the duties of a lawyer representing an indigent criminal defendant on appeal are not satisfied merely by submitting an acceptable *Anders* brief. In this case, it appears that Welch's handling of Spears's appeal has been lackadaisical from the start. After Spears was sentenced on October 3, 2001, and his notice of appeal filed on October 15, 2001, this Court on January 18, 2002, granted a motion for appointment of counsel under the provisions of the Criminal Justice Act. *Id.* at 7; Docket Sheet at 4. Also on January 18th, we issued an order appointing Welch as CJA counsel to represent Spears and creating deadlines for this representation. Docket Sheet at 4. Another order was issued on March 6, 2002, directing Welch to show cause in writing on or before March 18 why he failed to order the transcript timely, enter his appearance on behalf of Spears, and submit a criminal information statement. *Id.* Welch responded on March 18, 2002, asking to be permitted to withdraw his appointment. This request was denied on March 29, 2002, and Welch again was directed to order the transcripts, enter his appearance, and submit a criminal information statement within 14 days. *Id.* at 5. The clerk further informed Welch that if he failed to do so, the matter would be referred to a panel of this Court which may direct that counsel personally appear. *Id.* Welch was instructed that if he believed the appeal presented no issues of arguable merit, he should submit an *Anders* brief, which he finally filed on August 8, 2002. *Id.* at 5, 6.

more than 50 grams of crack cocaine. The sentence imposed was pursuant to the Sentencing Guidelines. Even assuming the permissible statutory maximum is contained in § 841(b)(1)(B) (and not § 841(b)(1)(A)), *Winston* is not implicated because Spears's 250 month sentence is less than the 40-year maximum proscribed by § 841(b)(1)(B).[6] Spears's contention that the District Court erred in its plea colloquy is likewise based on *Winston's* bar on aggregating drug quantities. As just stated, however, *Winston* does not apply here.

* * * * *

In this context, we conclude that no issue of arguable merit exists on appeal. We therefore affirm Spears's conviction and sentence and grant counsel's motion to withdraw.

By the Court,

\s\ Thomas L. Ambro
Circuit Judge

---

[6] *Winston* is limited to mandatory sentences imposed pursuant to 21 U.S.C. § 841(b) and does not reach those imposed under the Guidelines (which explicitly authorize aggregation of drug quantities). 37 F.3d at 241 n.10. In fact, the Sixth Circuit has recently reiterated that, when a sentence imposed pursuant to the Guidelines falls between the statutory minimum and maximum lengths, *Winston* is inapplicable. *See United States v. Jernigan*, 2003 WL 463483, at *3 (6th Cir. Feb. 18, 2003).