Marcus Quinn **FAIRLEY,** Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. CRIM. 94–50015–07.
No. CIV. 03–40082.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 8, 2004.

Norman C. Ankers, Bradley H. Darling, Honigman, Miller, (Detroit), Detroit, MI, for Directv, Incorporated, plaintiff.

John A. Shea, Ann Arbor, MI, for Robert Kelsay, defendant.

## *OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE*

GADOLA, District Judge.

Before the Court is Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Where, as here, the records and files of a case determinatively establish that a petitioner is not entitled to relief, the law does not require, and this Court will not order, an evidentiary hearing for a § 2255 motion. For the reasons set forth below, the Court will deny Petitioner's motion.

## I. BACKGROUND

On June 22, 2000, pursuant to a Rule 11 plea agreement, Petitioner pled guilty to one count of conspiring to distribute controlled substances, 21 U.S.C. §§ 846 and 841(a)(1), and two counts of possessing, with intent to distribute, cocaine, 21 U.S.C. § 841(a)(1). On January 30, 2001, the Court sentenced Petitioner to 151 months of imprisonment on each count with the terms to be served concurrently. Additionally, the Court sentenced Petitioner to concurrent supervised release terms of five years on the conspiracy count and three years on each of the two possession counts. The Court also fined Petitioner $5,000.00. On October 18, 2002, the United States Court of Appeals for the Sixth Circuit affirmed the sentence. *See United States v. Fairley*, 49 Fed. Appx. 541, 544 (6th Cir.2002). Petitioner's § 2255 motion was accepted for filing on April 9, 2003. The Government filed its answer on May 21, 2003, and Petitioner's reply brief was accepted for filing on June 19, 2003.

## II. LEGAL STANDARD

To obtain relief pursuant to § 2255, a petitioner must establish any one of the following: (1) his sentence was imposed in violation of the Constitution or federal law; (2) the Court lacked jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum allowed by law; or (4) his sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255.

## III. ANALYSIS

Petitioner raises eight claims in support of his § 2255 motion.

### A. Sentencing Enhancement Claim

■ Petitioner first claims that the Court erred in imposing a two-level sentencing enhancement for his possession of a firearm. *See* U.S.S.G. § 2D1.1(b)(1). Petitioner contends that the Government failed to properly establish that he possessed a firearm.

However, Petitioner stipulated to this firearm enhancement in his Rule 11 plea agreement. *See* Gov't Answer Ex. 3 (plea agreement) at ¶ 2.C.[1] In the plea agreement, Petitioner also agreed not to challenge the accuracy of this stipulation. *See id.* at ¶ 7.[2] Moreover, at the plea hearing, the Court specifically reviewed the firearm enhancement stipulation as well as the

---

1. "The parties agree that the defendant is facing a base offense level of 34 (15 to 50 kilograms of powder cocaine) plus two levels for possession of firearm under U.S.S.G. § 2D1.1(b)(1), less three points for acceptance of responsibility, resulting in a total offense level of 33." Gov't Answer Ex. 3 at ¶ 2.C.

2. "Defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the sentencing guidelines. Defendant agrees not to appeal or challenge the accuracy of any sentencing guideline calculations or any other factors stipulated to in this agreement." Gov't Answer Ex. 3 at ¶ 7.

agreement not to challenge the accuracy of the stipulation. *See* Gov't Answer Ex. 4 (plea transcript) at 27 ln.7–20, and at 32 ln.11–16. While under oath at the plea hearing, Petitioner affirmed his understanding of his firearm enhancement stipulation and his agreement not to challenge the accuracy of the stipulation. *See id.* at 27 ln.21, and at 32 ln.17. Additionally, the presentence investigation report included the two-level firearm enhancement, and Petitioner did not object to the enhancement at sentencing. *See* Gov't Answer Ex. 7 (presentence investigation report) at ¶ 25; Gov't Answer Ex. 5 (sentencing transcript) at 4 ln.6–12.

As the result of these events, Petitioner's attack on the firearm enhancement lacks merit. Possession of the firearm was properly established by Petitioner's own stipulation to this enhancement in the plea agreement, which he confirmed, under oath, at the plea hearing. *See United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996); *see also United States v. Pruitt,* 156 F.3d 638, 648 (6th Cir.1998); *United States v. Nesbitt,* 90 F.3d 164, 168 (6th Cir.1996). Moreover, Petitioner waived his right to challenge this stipulation per his bargain in the plea agreement. *United States v. Sykes,* 292 F.3d 495, 500 (6th Cir.2002); *United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001); *Bazzi,* 94 F.3d at 1028.

Additionally, Petitioner's failure to object to the presentence investigation report's inclusion of this sentencing enhancement at sentencing forecloses this challenge to the enhancement. *See United States v. Cullens,* 67 F.3d 123, 124 (6th Cir.1995) ("defendant has waived his sentencing arguments by failing to raise them at sentencing.... a failure to object results in a waiver."); *Smith v. United States,* 876 F.2d 655, 657 (8th Cir.1989) (failure to raise challenges to presentence

investigation report at sentencing precludes raising them in a § 2255 motion); *United States v. Velasquez,* 868 F.2d 714, 715 (5th Cir.1989); *Carter v. United States,* 160 F.Supp.2d 805, 812 (E.D.Mich. 2001) (Gadola, J.); *see also Pruitt,* 156 F.3d at 648; *Nesbitt,* 90 F.3d at 168. Accordingly, Petitioner is not entitled to relief on his first claim.

### B. Retroactive Offense Level Reduction Claim

■ Petitioner next claims that the Court should retroactively reduce Petitioner's sentencing base offense level from 34 to 30 due to Amendment 640 of the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). Amendment 640 amended U.S.S.G. § 2D1.1(a)(3) effective November 1, 2002. For individuals who received a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2, Amendment 640 capped the base offense level at 30.

Petitioner's claim is totally devoid of merit for two reasons. First, Amendment 640 is not retroactive; that is, the Court cannot retroactively reduce a sentence pursuant to Amendment 640. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a); U.S.S.G. § 1B1.10(c). Second, even if Amendment 640 was retroactive, Petitioner is not eligible for the level 30 cap because Petitioner did not receive a mitigating role adjustment under U.S.S.G. § 3B1.2. Therefore, Petitioner is not entitled to a retroactive reduction or modification of his sentence under Amendment 640.

### C. Speedy Trial Act Claim

■ Petitioner further claims that his right to a speedy trial was violated. However, there was no speedy trial violation in this case. The seventy-day clock under the Speedy Trial Act commenced on September 14, 1999, when Petitioner first appeared before the Honorable Wallace Ca-

pel, Jr., United States Magistrate Judge for the Eastern District of Michigan. *See* 18 U.S.C. § 3161(c)(1). Some forty-five days later on October 29, 1999, a stipulated order set the trial date for February 22, 2000. *See* 18 U.S.C. § 3161(h)(8)(A). Likewise, on February 14, 2000, another stipulated order set the trial date for May 5, 2000. *See id.* These two periods are excluded from the computation of time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h). Then, on April 14, 2000, Petitioner filed a motion to dismiss the indictment. This pretrial motion was pending until Petitioner withdrew it and pled guilty on June 22, 2000. The Court accepted the guilty plea on that date. The period while this pretrial motion was pending is also excluded time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(F). Additionally, during the pendency of the pretrial motion, two stipulated orders extended the trial date first to June 19, 2000, and then to September 11, 2000. *See* 18 U.S.C. § 3161(h)(8)(A). Thus, as a result of the aforementioned excluded time, the Petitioner's speedy trial rights were not violated, and he is not entitled to relief on his third claim.

## D. Cocaine Quantity Claim

■ Petitioner also contends that the Court erred in holding him accountable for fifteen to fifty kilograms of cocaine, which resulted in a base offense level of 34 under U.S.S.G. § 2D1.1(c)(3).

However, as with Petitioner's challenge to the firearm enhancement addressed *supra*, Petitioner (1) stipulated to this amount of cocaine and this base offense level in the plea agreement, *see* Gov't Answer Ex. 3 at ¶ 2.C; (2) agreed not to challenge the accuracy of this stipulation, *see id.* at ¶ 7; (3) affirmed, while under oath at the plea hearing, his understanding of his stipulation as to the quantity of cocaine and the base offense level as well as his agreement not to challenge the accuracy of the stipulation, *see* Gov't Answer Ex. 4 at 27 ln.7–21, and at 32 ln.11–17; and (4) failed to object at sentencing to presentence investigation report's inclusion of this quantity of cocaine and use of this base offense level, *see* Gov't Answer Ex. 7 at ¶ 24; Gov't Answer Ex. 5 at 4 ln.6–12. Therefore, for the reasons articulated and the authority cited in the Court's denial of Petitioner's firearm enhancement claim *supra,* the Court also will deny Petitioner's cocaine quantity claim. *See supra* Part III.A.

## E. Involuntary Guilty Plea Claim

■ Petitioner next claims that his guilty plea was not voluntarily and intelligently made. A review of the transcript from the plea hearing shows otherwise.

At the plea hearing, the Court made sure Petitioner was competent and carefully reviewed the Rule 11 plea agreement with Petitioner, and Petitioner, while under oath, indicated that he understood the plea. *See* Gov't Answer Ex. 4 at 4–33. The transcript shows that Petitioner knowingly and intentionally relinquished certain constitutional rights and privileges, including his absolute right to a jury trial. *See id.* at 16–20; *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Further, the transcript shows that Petitioner was not threatened, coerced, or forced into pleading guilty. *See* Gov't Answer Ex. 4 at 40–41; *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Moreover, the transcript shows that Petitioner pled guilty understanding the relevant circumstances and likely consequences of the plea. *See* Gov't Answer Ex. 4 at 10–16; *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.1994); *Hart*

*v. Marion,* 927 F.2d 256, 258–59 (6th Cir. 1991). While under oath, Petitioner not only stated that he was guilty, he also described, in his own words, his criminal acts thereby providing a factual basis to demonstrate that he was indeed guilty. *See* Gov't Answer Ex. 4 at 41–46. The Court then accepted the guilty plea finding that it was made knowingly and voluntarily. *See id.* at 47.

Beyond his bare allegations, Petitioner offers nothing to counter the plea hearing transcript and to show that his plea was not voluntarily and intelligently made. Therefore, the Court concludes that Petitioner understood the nature and consequences of the charges against him and voluntarily elected to plead guilty. As a consequence, Petitioner is not entitled to relief on his fifth claim.

### F. Ex Post Facto Claim

■ Petitioner further claims that he was sentenced in violation of the Ex Post Facto Clause, *see* U.S. Const. art. I, § 9, cl. 3, which "exists to protect citizens from retroactive increases in punishment." *Shabazz v. Gabry,* 123 F.3d 909, 916 (6th Cir.1997). Petitioner contends that the Court used the wrong base offense level at sentencing, and Petitioner argues that the Court should have used the more-favorable guidelines that were in effect before November 1, 1989, because Petitioner withdrew from the conspiracy before November 1, 1989. *See* Mot. at 16–17; Reply Br. at 7–8. This argument is another attack upon the stipulated base offense level. In addition to waiving such a challenge, *see supra* Part III.D, the challenge itself lacks merit.

Because Petitioner was responsible for fifteen to fifty kilograms of cocaine, the Court employed the base offense level of 34 at sentencing pursuant to U.S.S.G. § 2D1.1(c)(3). Under Amendment 125 of the United States Sentencing Guidelines, level 34 became the corresponding base offense level for a cocaine quantity of fifteen to fifty kilograms on November 1, 1989. This corresponding relationship between base offense level 34 and this cocaine quantity has not changed since November 1, 1989.[3]

Base offense level 34 was the correct base offense level because, contrary to Petitioner's assertion, he was a part of the conspiracy after November 1, 1989; that is, it was the base offense level in effect at the time the crime was committed. *See United States v. Miller,* 48 Fed. Appx. 933, 951 (6th Cir.2002) (citing *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); *United States v. Milton,* 27 F.3d 203, 210 (6th Cir.1994)). Petitioner testified under oath at the plea hearing that he was involved in the conspiracy through 1992. *See* Gov't Answer Ex. 4 at 42, ln.15. Moreover, even if Petitioner lied while under oath when he stated that he was involved in the conspiracy through 1992, Petitioner's reply brief includes an admission that he was involved in the conspiracy through 1991: "The conspiracy [ran from] 1986 to 1992 but *[P]etitioner's last involvement in this conspiracy was 1991.*" Reply Br. at 2 (emphasis added). Thus, Petitioner was involved in the conspiracy well after November 1, 1989, and, as a consequence, there was no need for the Court to use the pre-November 1, 1989 guidelines at sentencing. *See Miller,* 48 Fed. Appx. at 951. Therefore, Petitioner

---

**3.** Note, pursuant to Amendment 505 of the United States Sentencing Guidelines, the base offense level of 34 and the cocaine quantity of fifteen to fifty kilograms were moved from their original location of U.S.S.G. § 2D1.1(c)(5) to their present location of U.S.S.G. § 2D1.1(c)(3) on November 1, 1994.

is not entitled to relief on his ex post facto claim.

## G. Plain Error Claim

Petitioner also contends that his sentence was plagued by a plain error. Petitioner claims that, had he been sentenced properly, he would have been sentenced under the pre-November 1, 1989 guidelines. This argument mirrors the Petitioner's ex post facto argument. As discussed *supra*, there was no reason for the Court to use pre-November 1, 1989 guidelines, and the Court properly sentenced Petitioner by using base offense level 34. *See supra* Part III.F. Consequently, there is no plain error in Petitioner's sentence, and he is not entitled to relief on this seventh claim.

## H. Ineffective Assistance of Counsel Claim

Lastly, Petitioner claims that he is due relief because of ineffective assistance of counsel.

### 1. Legal Standard

To establish that his counsel was ineffective, Petitioner must prove that (1) "counsel's performance was deficient" and (2) "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A strong presumption exists that counsel afforded the defendant reasonable professional assistance, and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id.* at 689, 104 S.Ct. 2052.

To satisfy the second prong of the *Strickland* test, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. Therefore, "an ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken." *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir.2002) (quoting *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir.2001)).

### 2. Discussion

In his § 2255 motion, Petitioner raises one ineffective assistance claim, but, in his reply brief, he raises four ineffective assistance claims. *Compare* Mot. at 19–20 *with* Reply Br. at 9–10. Generously, the Court will consider all four ineffective assistance claims.

■ a. Petitioner first claims that counsel was ineffective because he failed to object to the two-level firearm enhancement. Petitioner stipulated to this enhancement, which was a part of his plea bargain. *See supra* Part III.A. Further, Petitioner himself, not his counsel, affirmed this stipulation under oath at the plea hearing. *See id.* Therefore, any objection by counsel to the enhancement would have been futile and, as a result, unnecessary. *See Biggs v. United States*, 3 Fed. Appx. 445, 449 (6th Cir.2001) ("counsel could not have been ineffective in failing to raise a futile objection"). Accordingly, Petitioner's counsel was not ineffective in failing to raise this objection, and Petitioner is not entitled to relief on his first ineffective assistance claim.

b. Petitioner further argues that counsel rendered ineffective assistance by failing to object to the sentencing guidelines that were used: counsel was ineffective, according to Petitioner, because counsel did not take action to have the Court employ the pre-November 1, 1989 guide-

lines. As discussed *supra,* the pre-November 1, 1989 guidelines are not applicable to this case. *See supra* Part III.F. Thus, this second ineffective assistance claim is meritless.

c. Petitioner next claims that counsel was ineffective because counsel failed to pursue Petitioner's aforementioned speedy trial act issue. As discussed *supra,* no speedy trial violation occurred in this case. *See supra* Part III.C. Therefore, since Petitioner's speedy trial rights were not violated, counsel did not err in failing to pursue this issue. Thus, Petitioner is not entitled to relief on his third ineffective assistance claim.

█ d. Finally, Petitioner alleges that his counsel was ineffective in failing to object to the drug amount for which Petitioner was held accountable. Like Petitioner's argument against the firearm enhancement, this drug quantity claim is without merit. *See supra* Part III.H.2.a. Petitioner stipulated to being held responsible for fifteen to fifty kilograms of cocaine, and this stipulation was a part of his plea deal. *See supra* Part III.D. Moreover, Petitioner himself, not his counsel, affirmed this stipulation under oath at the plea hearing. *See id.* Therefore, any objection by counsel to this drug quantity would have been futile and, as a result, unnecessary. Consequently, Petitioner's counsel was not ineffective for failing to raise this objection.

Therefore, after careful consideration of each of Petitioner's claims, the Court concludes that Petitioner is not entitled to the relief he seeks and will deny his § 2255 motion.

## IV. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 [docket entry 1010] is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) (*"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."* (emphasis added)). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

### *JUDGMENT*

The above entitled matter having come before the Court on a motion to vacate sentence pursuant to 28 U.S.C. § 2255, the Honorable Paul V. Gadola presiding, the issues having been fully presented, the Court being fully advised in the premises, and a ruling having been duly rendered, **IT IS ORDERED AND ADJUDGED** that Petitioner is entitled to **NO RELIEF** and that this action be, and the same hereby is, **DISMISSED WITH PREJUDICE**.