**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jamar JERNIGAN, Defendant–
Appellant.**

No. 03–1644.

United States Court of Appeals,
Sixth Circuit.

March 22, 2004.

Carl D. Gilmer–Hill, David J. Debold, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Suzanna Kostovski, Detroit, MI, for Defendant–Appellant.

Before: NORRIS and COLE, Circuit Judges; and ECONOMUS, District

Judge.*

## ORDER

Jamar Jernigan, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In February 2001, Jernigan pleaded guilty to distributing cocaine and cocaine base in violation of 21 U.S.C. § 841(a). During a sentencing hearing, the district court declined to apply a two-level enhancement for possession of a firearm, and it sentenced Jernigan to concurrent terms of 151 months of imprisonment. On appeal, a panel of this court affirmed Jernigan's conviction, reversed the district court's decision not to apply the two-level enhancement, and remanded the case for re-sentencing. *United States v. Jernigan,* 59 Fed.Appx. 647 (6th Cir.2003). During re-sentencing, the district court rejected Jernigan's argument that the court lacked jurisdiction to sentence him for distributing crack cocaine because it is not on the list of controlled substances. Jernigan expressly stated that he was challenging the district court's jurisdiction and not the validity of his indictment. The court sentenced him to concurrent terms of 151 months of imprisonment.

On appeal, Jernigan reasserts his claim that the court lacked jurisdiction to sentence him for crack cocaine because it was not on the list of controlled substances. He essentially argues that crack cocaine is a "new" drug, despite the presence of cocaine in crack cocaine, and that crack cocaine has never been added to the list of controlled substances. Hence, he maintains that the district court lacked jurisdiction to sentence him for distribution of crack cocaine.

Upon review, we conclude that the district court had jurisdiction to sentence Jernigan for distribution of crack cocaine. Challenges to the jurisdiction of a federal court can be raised at any stage of the proceedings. *See, e.g., Hagans v. Lavine,* 415 U.S. 528, 535, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). However, contrary to Jernigan's argument, crack cocaine is covered by Schedule II of the Controlled Substances Act. Under 21 U.S.C. § 802(6), a controlled substance is defined as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." Schedule II lists "[c]oca leaves ...; cocaine ...; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph." *See* 21 U.S.C. § 812, Schedule II(a)(4); *see also* 21 C.F.R. § 1308.12(b)(4) (listing in schedule II "[c]oca leaves [ ] and any salt, compound, derivative or preparation of coca leaves (including cocaine ... and [its] salts, isomers, derivatives and salts of isomers and derivatives), and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances"). Because cocaine base and crack cocaine are mixtures that contain cocaine and are derived from coca leaves, *see United States v. Canales,* 91 F.3d 363, 366–69 (2d Cir.1996) (describing chemical composition of cocaine base and crack cocaine), these substances are encompassed by schedule II's definition. Several courts have held that crack cocaine is included within § 812(a)(4). *United States v. Manzueta,* 167 F.3d 92, 93–94 (1st Cir.1999); *United*

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

*States v. Sloan,* 97 F.3d 1378, 1381–82 (11th Cir.1996); *United States v. Deisch,* 20 F.3d 139, 149–52 (5th Cir.1994). Hence, the district court properly concluded that it had jurisdiction to sentence Jernigan for distributing crack cocaine.

Accordingly, we affirm the judgment of conviction and sentence.