**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harold LONG, Defendant–Appellant.**

No. 03–5200.

United States Court of Appeals, Sixth Circuit.

Dec. 8, 2003.

James W. Powell, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

Matthew M. Maddox, Maddox, Maddox & Maddox, Huntingdon, TN, for Defendant–Appellant.

Before COLE and CLAY, Circuit Judges; and QUIST, District Judge.*

### ORDER

Harold Long, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction. The

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A grand jury indicted Long with distributing cocaine base on three separate occasions in the amounts of 45.6 grams, 19.8 grams, and 22.3 grams, respectively, in violation of 21 U.S.C. § 841(a)(1). Long pleaded guilty as charged in 1999. At sentencing, the district court determined that Long's offense level was 29, his criminal history category was III, and the guidelines range of imprisonment was 108 to 135 months, and then sentenced Long to 120 months in prison. Counsel filed a notice of appeal, but took no further action and the appeal was dismissed for want of prosecution. In 2000, Long filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, arguing that counsel had rendered ineffective assistance by, inter alia, failing to perfect Long's appeal. The district court granted the motion as to this issue, vacated Long's sentence, and entered an amended judgment in 2003, again sentencing Long to 120 months in prison.

Describing his argument as a guidelines issue, Long asserts on appeal that the district court erred by sentencing him to the statutory minimum of 120 months when the individual drug amount for any count would not support that sentence. According to Long, the district court impermissibly added the three quantities together in order to sentence Long to a statutory minimum sentence of 120 months. *See* 21 U.S.C. § 841(b)(1)(A); *United States v. Sandlin,* 291 F.3d 875, 879 (6th Cir.2002); *United States v. Winston,* 37 F.3d 235, 241 n. 10 (6th Cir.1994). In response, the government contends that: a) this court lacks jurisdiction to hear the appeal because Long does not allege that his sentence was imposed in violation of law or as a result of an incorrect application of the sentencing guidelines; and b) the district court did not sentence Long to the statutory minimum.

As an initial matter, we note that this court has jurisdiction to consider this appeal because Long has alleged a specific legal error. *See* 18 U.S.C. § 3742(a); *United States v. Hayes,* 49 F.3d 178, 182 (6th Cir.1995).

This court reviews a district court's application of the sentencing guidelines de novo, and its findings of fact for clear error. *United States v. Jarman,* 144 F.3d 912, 914 (6th Cir.1998).

Long's claim lacks merit. First, the district court permissibly aggregated the amounts of cocaine base for purposes of determining a guidelines range. *See Winston,* 37 F.3d at 241 n. 10. Second, the district court did not sentence Long pursuant to a statutory minimum. The district court considered Long's guidelines range and determined that a sentence in the middle of the range would be appropriate because Long's criminal history score put him at the high end of Category III and the drug quantity was at the low end of the weight classification. Thus, Long has failed to show that he was sentenced in violation of law.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.