**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas C. SANDLIN, Defendant–Appellant.**

**No. 03–5542.**

United States Court of Appeals, Sixth Circuit.

April 30, 2004.

---

Jerry R. Kitchen, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

Stephen B. Shankman, Fed. Public Defender, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

Before: BOGGS, Chief Judge; NELSON and SUTTON, Circuit Judges.

### ORDER

This is a direct appeal from a criminal judgment and commitment order entered following a remand from this court. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Thomas C. Sandlin was convicted of one count of manufacturing methamphetamine. He received a 120–month term of imprisonment and a five-year period of supervised release. A panel of this court vacated Sandlin's sentence and remanded the matter for further proceedings. *United States v. Sandlin,* 313 F.3d 351 (6th Cir.2002). On remand, the district court imposed an eighty-month term of imprisonment and a four-year period of supervised release. This appeal followed.

Sandlin was indicted after admitting that he manufactured methamphetamine on three different occasions and that the total amount of methamphetamine manufactured was at least fifty grams. Sandlin's guideline base offense level was twenty-six and his criminal history category was II. The probation officer assigned Sandlin a base offense level pursuant to USSG § 2D1.1(c)(7), an offense level for an offense involving fifty to 200 grams of a substance containing methamphetamine or ten to forty grams of pure methamphetamine. This resulted in a guideline range of fifty-one to sixty-three months imprisonment. Counsel for the United States raised an objection to the drug quantity calculations (and the corresponding base offense level) found in the pre-sentence report, but the district court did not address these objections. The district court found, instead, that the guideline range was irrelevant as Sandlin had to be sen-

tenced to the 120–month statutory mandatory minimum sentence of 21 U.S.C. § 841(b)(1)(A)(viii) because the total amount of methamphetamine manufactured was at least fifty grams. Sandlin's counsel did not object to the imposition of the ten-year sentence based on the aggregate amount of methamphetamine. Sandlin took an appeal from this judgment and the United States did not file a cross-appeal. A panel of the Sixth Circuit ultimately concluded that the district court committed plain error in sentencing Sandlin to the ten-year statutory mandatory minimum. The panel held that the district court erred in imposing the statutory minimum sentence as Sandlin did not produce at least fifty grams of methamphetamine in any one of the three manufacturing sessions. *Sandlin*, 313 F.3d at 353–56. The panel vacated the sentence and remanded the matter for further proceedings consistent with the opinion. *Id.* at 356.

On remand, the district court directed the probation department to prepare a new pre-sentence report. The probation officer set Sandlin's base offense level at thirty, four levels above the original level, pursuant to USSG § 2D1.1(c)(5). The probation officer did so after concluding that Sandlin's offense involved the manufacture of seventy to 100 grams of actual methamphetamine. Counsel for Sandlin conceded that this was a technically accurate guideline application. Sandlin's counsel objected to this higher base offense level, however, on other grounds. Counsel argued that, as the United States had not objected to the original drug amounts, and corresponding base offense level, these calculations could not be altered on resentencing.

The district court read over the transcript of the initial sentencing hearing, and solicited the opinion of the probation department, before ruling on the objections presented. The court concluded that the

government had presented an objection to the base offense level at the initial sentencing hearing, but the court had not seen the need to rule upon it given its decision to impose the statutory minimum sentence. The court further explained that it considered the Sixth Circuit's disposition to be a general remand and so it ordered the probation department to complete a new pre-sentence report. The court ruled that the United States had not waived its right to contest Sandlin's base offense level and that the original determination in this regard was not insulated from revision. The court found that the calculations in the revised pre-sentence report were accurate and the court proceeded to sentence Sandlin based on those recommendations.

Counsel for Sandlin assigns one issue for appellate review, namely, that the district court erred in sentencing Sandlin within the guidelines as revised on remand rather than adhering to the sentencing calculations found in the original pre-sentence report. This contention rests solely on the proposition that the United States waived its right to contest on remand the calculations underlying Sandlin's base offense level by failing to take a cross-appeal on this point on direct appeal.

The claim presented for review is meritless. The record and law support the district court's holding that the Sixth Circuit initially ordered a general, rather than a limited, remand. A remand order that confines itself to a discrete issue is limited and confers jurisdiction upon the district court to address that discrete issue only. *United States v. Moore,* 131 F.3d 595, 598 (6th Cir.1997). An appellate directive remanding a case for resentencing is a general remand and the district court has jurisdiction to conduct de novo sentencing proceedings. *Id.* at 597. A remand order is presumed to be general in nature unless otherwise specified. *Id.* at 598. The Sixth

Circuit remanded Sandlin's case to the district court "for further proceedings consistent with this opinion." *Sandlin,* 313 F.3d at 356. Absent any restriction to a discrete issue or issues, the district court was free to revisit the entire sentencing process.

The district court, having revisited the entire sentence calculation, did not err in adopting the base offense level recommended in the pre-sentence report. Sandlin's appellate claim is based on the general rule that when a party fails to seek review of an issue in a district court's final order, it is barred from reasserting that issue in any subsequent appeals in that case. *United States v. McKinley,* 227 F.3d 716, 718 (6th Cir.2000) (citing cases). That rule does not apply in the case at bar, however, because the government does not seek review of an issue that it failed to raise in the first appeal. In any event, the government could not have appealed the district court's base offense calculation in the first appeal because the district court did not make an adverse ruling on that issue. *See United States v. Hebeka,* 89 F.3d 279, 284–85 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed.