**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Karen Leanette DAVIS, also known**
**as Karen Benford, Defendant–**
**Appellant.**

No. 03–6012.

United States Court of Appeals,
Sixth Circuit.

Aug. 20, 2004.

Gregg L. Sullivan, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Barry L. Abbott, Cavett & Abbott, Chattanooga, TN, for Defendant–Appellant.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

### ORDER

Karen Leanette Davis, represented by counsel, appeals from her judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Davis pleaded guilty to conspiring to distribute more than five kilograms of powder cocaine and more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 841 and 846, and using a telephone to facilitate a drug transaction in violation of 21 U.S.C. § 843(b). The district court sentenced her to a total of 324 months of imprisonment.

Davis has filed a timely appeal, essentially arguing that: 1) the district court improperly determined the amount of drugs attributable to her; 2) the district court erred in denying her a reduction for acceptance of responsibility; 3) the district court improperly enhanced her sentence for possession of a firearm; 4) the district court improperly calculated her criminal history score; 5) the district court erred when it declined to sentence her pursuant to the "safety valve" provision; and 6) the district court erred when it applied the statutory mandatory minimum sentence.

Upon review, we conclude that the district court did not err when it determined the amount of drugs attributable to Davis. We review a sentencing court's determination of drug quantity for clear error. *United States v. Bartholomew,* 310 F.3d 912, 923 (6th Cir.2002), *cert. denied,* 537 U.S. 1177, 123 S.Ct. 1005, 154 L.Ed.2d 923 (2003). The quantity of drugs needs only to be supported by a preponderance of the evidence, *United States v. Hough,* 276 F.3d 884, 891 (6th Cir.), *cert. denied,* 535 U.S. 1089, 122 S.Ct. 1986, 152 L.Ed.2d 1042 (2002), and the district court may rely on any competent evidence in the record, *id.,* including hearsay evidence. *United States v. Davis,* 170 F.3d 617, 622 (6th Cir.1999).

A review of the sentencing transcript clearly reflects that the district court made sufficient findings of fact concerning the amount of drugs attributable to Davis; it did not merely adopt the calculations set forth in the PSI. Prior to making his ruling, the sentencing judge reminded Davis's counsel that Davis was responsible for all drugs that she personally possessed or distributed and any drug quantities involving co-conspirators that were reasonably foreseeable to her. The court also reminded Davis's counsel of the testimony of government witnesses establishing Davis's relationship with several drug dealers and the testimony concerning the numerous trips Davis made to transport cocaine for her husband. Furthermore, the court specifically concluded that the preponderance of the evidence established that the drug

quantities attributed to Davis in the PSI are accurate.

The evidence presented at the sentencing hearing clearly supports the district court's conclusion (set forth in the PSI) that Davis was responsible for at least 1.5 kilograms of cocaine. The PSI identifies numerous drug transactions in which Davis was personally involved. Moreover, the testimony of the witnesses called during the sentencing hearing corroborates the determination that Davis was personally responsible for at least 1.5 kilograms of cocaine, even without considering any amounts that were reasonably foreseeable to her through her involvement in the conspiracy. One drug dealer (Vicky Lester) testified that she conducted drug transactions directly with Davis involving a total of 12 kilograms of cocaine. A drug courier (Bobby Barker) testified that, after Davis's husband was sent to prison, Davis asked Barker to continue to do business with her. After her husband approved the arrangement, Barker sold crack cocaine directly to Davis four times, for a total of five kilograms. This testimony is sufficient to support the district court's findings concerning the amount of drugs attributed to Davis.

■ The district court also properly denied Davis a reduction for acceptance of responsibility. A district court's decision to deny a reduction for acceptance of responsibility will not be disturbed absent clear error. *Buford v. United States,* 532 U.S. 59, 64–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); *United States v. Jackson–Randolph,* 282 F.3d 369, 389–90 (6th Cir.2002). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Russell,* 156 F.3d 687, 690 (6th Cir.1998) (quoting *United States v.*

*United States Gypsum Co.,* 333 U.S. 364, 365, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The United States Sentencing Guidelines provide for a reduction in offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). Application note 5 to § 3E1.1 provides that the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.

The record reflects that Davis denied that she was responsible for more than one kilogram of cocaine, despite the ample evidence that she was responsible for a much larger quantity of drugs. She denied the accuracy of much of the testimony provided during the sentencing hearing, and indicated that she was unaware of most of her husband's activities with other drug dealers. She also denied that she helped her husband distribute cocaine. Contrary to testimony from government witnesses, she denied introducing individuals to her husband (Willie Davis) or her uncle (Nathan Benford) for the purpose of distributing cocaine. She disputed evidence of recorded, intercepted telephone calls, during which she relayed messages between her husband and Benford involving drug sales. In addition, Davis admitted that she lied to law enforcement officers during interviews by downplaying her involvement in the conspiracy. Hence, the district court properly concluded that Davis was not entitled to a reduction for acceptance of responsibility because she had not accepted her role in the offense.

■ The district court properly enhanced Davis's offense level for possession of a firearm. We review a district court's legal conclusions regarding the application of the sentencing guidelines de novo; whereas, the district court's findings of fact are accepted unless they are clearly erroneous. *See United States v. O'Dell,* 247 F.3d 655, 674 (6th Cir.2001). Section

2D1.1(b)(1) provides for a two-level increase to the base offense level for a person convicted of certain drug trafficking offenses "[i]f a dangerous weapon (including a firearm) was possessed...." For conspiratorial offenses, the firearm enhancement may be applied where a co-conspirator possessed a firearm and that possession was reasonably foreseeable to the defendant. *United States v. Owusu,* 199 F.3d 329, 347 (6th Cir.2000).

Contrary to Davis's argument, the district court made factual findings supporting its determination that Davis was subject to an enhancement under § 2D1.1. The district court properly concluded that it was reasonably foreseeable to Davis that her husband possessed a weapon. First, the district court noted that the law does not require that Davis possessed the weapon herself, as long as it was reasonably foreseeable to her that a co-conspirator (Willie Davis) possessed a firearm. Second, the record supports the district court's conclusion that Davis's husband possessed a firearm. Davis's cousin (Everett Hicks) testified that on one occasion he was storing a kilogram of cocaine for Davis, and that the cocaine was stolen by a person named "Little Robert." Hicks testified that Davis's husband, armed with a gun, confronted "Little Robert" and retrieved the cocaine and some money. Third, Davis acknowledged that she had seen her husband with a weapon once, and that he told her that he had fired weapons at people. She also admitted that she had subsequently been told that her husband had a lot of guns, that she knew that her husband had shot a man three times with a shotgun, and that she knew he was a suspect in the murder of another individual involved in drug trafficking.

The district court did not err when it calculated Davis's criminal history score. Davis argues that the district court improperly considered a prior assault conviction because she was not represented by counsel during the proceedings, and because her waiver of counsel was not valid. However, Davis does not dispute that she signed her name to the judgment of conviction, indicating that she had waived her right to counsel. Although she argues that the waiver was invalid because she was not informed that the conviction could be relied on to enhance any future sentence she might receive, she has not cited any case law that holds that such a warning must be given in order for a waiver of counsel to be valid. More importantly, Davis does not argue that her guilty plea to the assault was invalid. As noted by the government, Davis admitted her conduct underlying the assault conviction.

■ The district court properly declined to sentence Davis under the "safety valve" provision of the guidelines. Pursuant to the "safety valve" provision contained in 18 U.S.C. § 3553(f), and repeated verbatim in USSG § 5C1.2, a sentencing court may impose a sentence below the statutory minimum for certain specified drug offenses if five criteria are met: 1) the defendant has no more than one criminal history point; 2) the defendant did not use violence or threaten violence, or possess a firearm or dangerous weapon; 3) the offense did not result in death or serious bodily injury to anyone; 4) the defendant was not an organizer, leader, manager, or supervisor and was not engaged in a continuing criminal enterprise; and 5) the defendant has truthfully provided the government with all information concerning the offense, even if not useful or relevant, and even if the government already possessed such knowledge. *See United States v. Adu,* 82 F.3d 119, 123–25 (6th Cir.1996). The defendant has the burden of proving by a preponderance of the evidence that

she is entitled to the reduction. *See id.* at 123–24.

Davis has not met this burden. Davis concedes that she is not entitled to sentencing under the "safety valve" provision if we find that the district court properly calculated her criminal history score. For the reasons stated above, we have already concluded that the district court properly calculated Davis's criminal history score. In addition, Davis is not entitled to sentencing under this provision because she did not truthfully provide the government with all the information concerning her drug crimes and the people involved in the offenses. "Every court which has considered the issue has held that [the safety valve provision] requires a defendant to provide complete information regarding the immediate chain of distribution." *United States v. Maduka,* 104 F.3d 891, 894 (6th Cir.1997).

The district court properly applied the statutory mandatory minimum sentence in this case. First, although Davis argues that her prior drug convictions became final on April 19, 1991, after the beginning of the instant conspiracy, which began "in or about 1990" and continued "through at least July 30, 1998." The district court properly concluded that it could consider the 1991 convictions because Davis's involvement in the conspiracy continued after those convictions became final. *See United States v. Hughes,* 924 F.2d 1354, 1361–62 (6th Cir.1991). Second, Davis's reliance on *United States v. Sandlin,* 291 F.3d 875 (6th Cir.2002) is misplaced. In *Sandlin,* 291 F.3d at 879–80, we held that a district court may not aggregate the quantities of methamphetamine that a defendant manufactured in separate batches over a period of a few months in order to sentence the defendant to a ten-year statutory minimum. However, because Davis pleaded guilty to involvement in a drug conspiracy, the district court was authorized to consider the drug quantities that she personally distributed as well as any amounts that she reasonably could have foreseen that her coconspirators would distribute. *See United States v. Pruitt,* 156 F.3d 638 (6th Cir.1998).

Accordingly, we affirm the judgment of conviction and sentence.