FILED
United States Court of Appeals
Tenth Circuit

August 21, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TYRONE D. TYNER,

Defendant-Appellant.

No. 09-3049

District of Kansas

(D.C. No. 2:08-CV-02235-JWL)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

Tyrone D. Tyner, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Tyner has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

## Background

In July 2006, Mr. Tyner pled guilty in federal district court to one count of conspiracy to possess with intent to distribute 50 grams or more of

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). The judge sentenced him to a 120-month term of imprisonment, which was the statutory minimum for his offenses. In the plea agreement, Mr. Tyner waived his right to appeal and his right to collaterally attack any matter in connection with his prosecution, conviction, and sentence.

Despite the waiver in his plea agreement, Mr. Tyner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He alleged that his counsel had provided ineffective assistance by advising him to plead guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. According to Mr. Tyner, while the overall conspiracy possessed and intended to distribute 50 grams or more of methamphetamine, he himself never possessed that large a quantity in any single transaction. He argues that the state was prohibited by law from reaching the 50-gram threshold by aggregating drug quantities held by his co-conspirators, that his counsel should have realized this, and that his counsel should have advised Mr. Tyner not to plead guilty.

Although the government moved to enforce the plea waiver, the district court nonetheless reached the merits of Mr. Tyner's § 2255 petition, as his ineffective assistance claim arguably fell within the exception of *United States v.*

*Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."). The court then held that counsel was not deficient in advising Mr. Tyner to plead guilty to conspiracy to possess and distribute more than 50 grams of methamphetamine because that advice reflected a correct understanding of the law. While Mr. Tyner had argued that the requisite drug quantities under § 841 could not be met by aggregating quantities that the defendant had produced in separate transactions over a series of months, none of the cases he relied upon were conspiracy cases. Mr. Tyner had been charged with conspiracy to possess and distribute more than 50 grams of methamphetamine, and for a conspiracy the relevant calculation would be the aggregate quantity possessed by the co-conspirators in furtherance of a common scheme. The court reasoned that because the charge had appropriately aggregated drug quantities, Mr. Tyner's counsel had not been ineffective in advising him to plead guilty to that charge. It therefore denied his § 2255 petition and subsequent request for COA.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Oddly, Mr. Tyner's appellate brief before this court and his application for COA make no mention of his ineffectiveness claim. Instead of focusing on his counsel, his arguments relate to the district court and its failure to question whether the drug quantities were sufficient to satisfy the charge. His application for COA, for instance, frames the issue as, "Whether the district court abused its discretion when aggregating defendant[']s charged and uncharged drug quantities for the purpose of triggering the mandatory maximum penalty range § 841(b)(1)(A)?" COA App. 2. Similarly, his appellate brief states that the only issue before us is, "Whether a district court abuses its discretion when using uncharged drug type with c[ha]rged drug type in order to trigger a higher penalty range under § 841(b)(1)?" Aplt. Br. 3. A challenge to his actual sentence would be waived under the plea agreement, would not fall under the *Cockerham* exception, and would also be barred by the fact that he did not raise this claim in his § 2255 petition before the district court. To the extent that Mr. Tyner is now trying to challenge anything other than the effectiveness of his counsel, such arguments are not properly before us.

Out of an abundance of caution, however, we will assume that Mr. Tyner's arguments concerning the aggregation of drug quantities is in fact the same argument he made before the district court—that his counsel was ineffective in not realizing that the charging documents had erroneously aggregated the drug quantities. As the district court pointed out, Mr. Tyner's argument fails to appreciate the distinction between being charged with conspiracy and being charged as an individual distributor. Aggregation is appropriate in the former even if not in the latter. In conspiracy, the statutory quantity may be determined "on the basis of [drugs] possessed by another conspirator, so long as the amount is within the scope of the conspiracy and foreseeable." *United States v. Arias-Santos*, 39 F.3d 1070, 1078 (10th Cir. 1994); *see also United States v. Asch*, 207 F.3d 1238, 1245 n.7 (10th Cir. 2000) ("[A]n individual convicted of conspiracy to distribute is liable, under § 841(b), for all amounts handled by other conspirators that are within the scope of the agreement and reasonably foreseeable to the defendant."); *United States v. Irvin*, 2 F.3d 72, 77 (4th Cir. 1993) (holding that while drug quantities of co-conspirators should not be automatically aggregated, they should be aggregated if they were reasonably foreseeable to the defendant). So long as the amounts of methamphetamine possessed by the coconspirators fell within the scope of the conspiracy and were reasonably foreseeable, it is appropriate to aggregate the quantities for purposes of triggering the statutory minimum.

Mr. Tyner has relied heavily on the Sixth Circuit case of *United States v. Sandlin*, 291 F.3d 875, 879 (6th Cir. 2002), which held that "discrete acts of possession cannot be aggregated for purposes of calculating the quantity necessary to trigger a mandatory-minimum sentence for 'a violation' of 21 U.S.C. § 841(a)(1)." In *Sandlin*, however, the defendant had been charged *as an individual* with manufacturing drugs in violation of § 841(a)(1). Mr. Tyner's violation, however, is one of *conspiracy* to distribute drugs. The Sixth Circuit itself has distinguished *Sandlin* in cases of conspiracy. *See United States v. Davis*, 107 Fed. App'x 596, 600 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1113 (2005) ("[B]ecause Davis pleaded guilty to involvement in a drug conspiracy, the district court was authorized to consider the drug quantities that she personally distributed as well as any amounts that she reasonably could have foreseen her coconspirators would distribute.").

Mr. Tyner admits that the aggregate quantity possessed by his co-conspirators exceeded 50 grams, and our precedent indicates that these quantities should be aggregated for purposes of triggering the mandatory minimum for a conspiracy charge. Mr. Tyner has therefore not made a substantial showing that he was denied the right to effective assistance of counsel under the Sixth Amendment.

## Conclusion

Accordingly, we **DENY** Mr. Tyner's request for a COA and **DISMISS** this appeal. As Mr. Tyner was represented by CJA counsel in the original criminal proceedings and allowed to proceed *in forma pauperis* in a prior appeal, his *ifp* status carries over. Fed. R. App. P. 24(a)(3). We therefore **DENY** his Motion to Proceed *in former pauperis* as moot.

Entered for the Court,

Michael W. McConnell
Circuit Judge